[No. 13632.   Department One.   September 5, 1916.]

THE STATE OF WASHINGTON, *on the Relation of J. E. Willis,*
*Plaintiff,* v. D. W. MONFORT, *as Auditor of Lewis*
*County, Respondent.*[1]

JUDGES — ELIGIBILITY — SUSPENSION— CONSTITUTIONAL PROVISIONS.
Under the rule that the reason and intention of the lawgiver con-
trols the strict letter of the law when the latter would lead to pal-
pable contradiction and absurdity, an attorney who is suspended
from practice at the time he becomes a candidate or is required to
qualify is not eligible to the office of superior court judge, under
Const., art. 4, § 17, which provides that no person shall be eligible to
such office "unless he shall have been admitted to practice" in the
courts of record; since the constitution defines a personal status
which must continue and the eligibility ceases when the status ceases,
and any other construction would lead to absurdity.

Appeal from an order of the superior court for Lewis
county, D. F. Wright, J., entered August 11, 1916, dis-
missing an application for a writ of mandamus to compel
the placing of relator's name upon the ballot as a candi-
date for the nomination of superior judge.   Affirmed.

*J. E. Willis, in propria persona.*

*Forney & Ponder* and *C. D. Cunningham,* for respondent.

MOUNT, J.—This is an appeal from an order of the
lower court dismissing the petition of the relator for a writ
of mandamus to compel the auditor of Lewis county to
print the name of the relator upon the ballot as a candidate
for the nomination of superior judge.   It appears from the
petition, that the relator is a citizen of the United States
and of this state and a qualified voter in Lewis county;
that he is, and was at all times stated in the application,
duly admitted to practice law in the courts of record of
this state; that, in the month of July, he filed his declaration
of candidacy and tendered to the auditor the fees provided
by law therefor, but after the filing of such declaration, the

[1]Reported in 159 Pac. 889.

county auditor notified relator that he would not print relator's name upon the ballot to be used at the primary election in September. The petition also shows that, on the 14th day of July, 1916, after a trial in an action wherein the state of Washington upon the relation of the Lewis County Bar Association was petitioner and the relator was the respondent, a judgment was entered in that case suspending the relator from the practice of law in this state for a period of one year from the date of that decree. On these facts, the lower court was of the opinion that the relator was not eligible to be a candidate for the office of judge of the superior court, and for that reason sustained the demurrer.

This involves the construction of § 17 of art. 4 of the constitution, which reads:

"Sec. 17. Eligibility of Judges. No person shall be eligible to the office of judge of the supreme court or judge of a superior court unless he shall have been admitted to practice in the courts of record of this state or of the territory of Washington."

It is insisted by the appellant that this section of the constitution should be given a strict construction, as was done in the case of *State ex rel. Reynolds v. Howell*, 70 Wash. 467, 126 Pac. 954, 41 L. R. A. (N. S.) 1119. It is no doubt correct to say that a constitutional provision should be given a strict construction, especially where its terms are clear; but the rule is that the reason and intention of the lawgiver will control the strict letter of the law when the latter would lead to palpable injustice, contradiction and absurdity. 1 Kent, Commentaries, 462; *Heydenfeldt v. Daney Gold & Silver Min. Co.*, 93 U. S. 634.

It is argued by the appellant, that, because the constitutional provision uses the words, "No person shall be eligible to the office of . . . judge of a superior court unless he *shall have been* admitted to practice in the courts of record of this state," it means that every person who has heretofore

been admitted to practice law in the courts of record of this state is eligible to the office of judge of the superior court, no matter what may occur thereafter. We think it would be absurd to say that this provision of the constitution means that, when a person has been admitted to practice in the courts of record of this state and subsequently he has been disbarred for cause or his admission vacated, he is still eligible to the office of superior judge by reason of his original status. The construction of this constitutional provision contended for by the appellant leads to that absurdity. When the constitution was framed and when it was adopted, it was clearly not the intention of the people in adopting it to authorize a person to be elected judge who was not, at the time of his election, entitled to practice as an attorney in the courts of record in the state. This provision of the constitution, in our opinion, defines a personal status which must continue, and when the status ceases to continue the person is ineligible. We think no other reasonable construction can be placed upon this provision.

No authorities directly in point have been called to our attention. The case of *Brown v. Woods*, 2 Okl. 601, comes nearer to the point than any other to which we have been referred. That was a case where there was a statute providing "that no person shall be eligible to the office of county attorney who is not duly admitted to practice as an attorney in some court of record in this territory." A disbarment proceeding had been instituted against the petitioner, Woods, in that case and he was suspended from practice. Before the trial was had he was elected county attorney, and the court in that case, in passing upon his eligibility to hold the office, said:

"The evident purpose and intention of the legislative act, with reference to eligibility of a person to the office of county attorney, was not only that he should possess qualifications to perform the duties of the office of county attorney, but that there should be a judgment and determination of a court

that he does possess the moral and mental qualifications of an attorney; that there should be a determination of a court that he was a person of good moral character, and learned and skilled in the legal profession. It requires that he 'shall have been duly admitted to practice' and then specifies the particular duties that he is required to perform. The statute, it is true, does not say in terms that he must not have been disbarred from practice in the very court in which the law requires him to perform certain professional duties, but the terms of the act show that this was within the reason and intention of the legislature. It was within the purpose and spirit of the act, and that which is within the reason, purpose and intention of the language used is as much within the act as though it were a part of the language itself."

That reasoning is applicable to this case. We think it is clear that the constitution meant to say that no person is eligible to the office of judge of the superior court unless he shall have been admitted to practice in the courts of record in this state, which means that he not only shall have been but that he is, at the time he becomes a candidate or is required to qualify as such judge, entitled to practice in the courts of this state. The fact that the petitioner is suspended rather than disbarred for all time is of no special importance, because, under his suspension, he is disbarred during that time from practice in the courts and from being eligible to any office or employment by reason of the fact that he had at one time been admitted to practice. When he was suspended from exercising the rights of an attorney at law, that suspension was as effective during the time thereof as a removal.

In view of the conceded fact that the relator is suspended, it follows that he is not eligible to hold office at the time he is required to qualify, and that he is not eligible to become a candidate upon the ticket. *State ex rel. Reynolds v. Howell, supra.* The respondent was therefore justified in refusing to print his name upon the ballot.

The judgment appealed from is affirmed.

MORRIS, C. J., MAIN, ELLIS, and FULLERTON, JJ., concur.