[No. 32166.    Department Two.    October 23, 1952.]

HORACE SASSE, *Respondent*, v. HELEN SASSE, *Appellant*.[1]

[1]Reported in 249 P. (2d) 380.

*Del Cary Smith*, for appellant.

*Huneke & van Tyen*, for respondent.

OLSON, J.—Defendant has appealed from a decree of divorce granted to her husband. Her principal contention is that he failed to establish the statutory jurisdictional requirement that "Any person who has been a resident of the state for one year may file his or her complaint for a divorce . . ." RCW 26.08.030 [*cf.* Rem. Supp. 1949, § 997-3].

The parties were married in 1942, while plaintiff was in military service. Their domicile, since birth, was Pennsylvania, and they were living together there when plaintiff re-enlisted in the air force in 1947. He was assigned permanently to the base at Spokane, Washington, where he remained, except for temporary assignments to other stations for training, until April, 1950. He then obtained permission to live away from the base, and defendant came to Spokane, where the parties rented an apartment and lived together until July, 1950. Plaintiff then was assigned to temporary duty overseas, and defendant returned to Pennsylvania. While the parties were living in Spokane, plaintiff told defendant and others that he intended to stay in that community and to make his home there permanently.

After plaintiff's return to Spokane from foreign duty, in November, 1950, defendant did not come there to live. He testified that she refused to do so. Her testimony was that the parties had agreed that she was to continue her work in

Pennsylvania until his enlistment expired in November, 1951, when he would bring her to Spokane. In any event, except for two trips to Pennsylvania, he remained at the air force base in Spokane until his discharge. He then found employment in that city and was living there at the time of trial. He commenced this action July 31, 1951.

In considering the jurisdictional requirement of the quoted portion of the cited statute, some of our decisions have used the words "residence" and "domicile" interchangeably. See *Spielman v. Spielman*, 144 Wash. 421, 423, 258 Pac. 37 (1927); *Kankelborg v. Kankelborg*, 199 Wash. 259, 261, 90 P. (2d) 1018 (1939); *Mapes v. Mapes*, 24 Wn. (2d) 743, 748, 167 P. (2d) 405 (1946); *Maple v. Maple*, 29 Wn. (2d) 858, 864, 189 P. (2d) 976 (1948), and cases cited. Although these terms usually are not considered to be synonymous, we find that their connotation in all of these cases is that of domicile.

We conclude that, for purposes of jurisdiction in divorce actions, the quoted portion of the statute shall be construed to require that this state be the domicile of the plaintiff. See *Mapes v. Mapes, supra,* p. 749; *In re Mullins,* 26 Wn. (2d) 419, 444, 174 P. (2d) 790 (1946); Restatement, Conflict of Laws, 20, § 9; Annotation, 106 A. L. R. 6, 9; *Zimmerman v. Zimmerman,* 175 Ore. 585, 155 P. (2d) 293 (1945), and cases cited.

This result is supported by the proposition that marriage is a status that is of peculiar interest to the state which is the domicile of married persons, where, in most instances, family life is conducted permanently. Jurisdiction over this status should be lodged in that state, permitting it to determine, by its laws, the grounds upon which a divorce (termination of the marriage status) shall be granted. Restatement, Conflict of Laws, 167, 203, §§ 110, 135. See *Williams v. North Carolina*, 325 U. S. 226, 229, 89 L. Ed. 1577, 65 S. Ct. 1092 (1945), 157 A. L. R. 1366.

A legally competent person may choose his domicile. To acquire a domicile of choice, he must establish a dwelling place with the intention of making it his home.

Restatement, Conflict of Laws, 32, § 15 (2). The fact of physical presence at a dwelling place and the intention to make it a home must concur, and, if they do so, the change of domicile takes place. *In re Lassin's Estate*, 33 Wn. (2d) 163, 165, 204 P. (2d) 1071 (1949); Restatement, Conflict of Laws, 32, § 15 (3). A settled legal relation then exists between the person and the chosen place, expressed by designating that place his domicile. See Restatement, Conflict of Laws, 17, § 9; Kennan on Residence and Domicile, 59 *et seq.*, § 26; *In re Mullins, supra*, p. 444. The intention must be to make a home there permanently, with no intention presently to have or seek a permanent home elsewhere. Kennan, *op. cit. supra*, 268, § 134. Upon all of these issues, the burden of proof is upon the one asserting his change of domicile. *In re Mullins, supra*, p. 445. In determining the sufficiency of his proof, his good faith should be considered, particularly in regard to his declarations of intent. *In re Mullins, supra*, p. 444.

■ The domicile, once established, continues until it is superseded by a new domicile. *In re Lassin's Estate, supra*, p. 165, and cases cited; Restatement, Conflict of Laws, 47, § 23. The fact of temporary absence from the domicile, of itself and without any intention to change domiciles, does not result in its loss or change. *Polk v. Polk*, 158 Wash. 242, 248, 290 Pac. 861 (1930); *Kankelborg v. Kankelborg, supra*, p. 261. The establishment and maintenance of a domicile in this state for the prescribed period of one year, in accordance with the rules we have discussed, satisfy the jurisdictional requirement of the quoted portion of the statute.

■ A person in military service generally cannot lose or gain a domicile because he is stationed at a particular place in the line of duty. But, if he establishes a dwelling place for, and lives with, his family away from his military post, he can acquire a domicile in the state of Washington. *Kankelborg v. Kankelborg, supra*, p. 261. See Restatement, Conflict of Laws, 41, § 21, comment c; Annotation, 129 A. L. R. 1382, 1387; *Zimmerman v. Zimmerman, supra*, p. 593.

In the *Kankelborg* case, the plaintiff registered to vote in this state, while in the case at bar plaintiff did not. That

fact may be considered by the trial court in determining the intention of the person claiming domicile, but it is not essential or conclusive, and domicile may be established without its proof. Kennan, *op. cit. supra*, 158, § 78.

■ In this case, there is substantial evidence that this state became the domicile of plaintiff in April, 1950. The act of establishing a dwelling place, his physical presence here, and his intention to make it his permanent home, were shown by credible evidence, both of his statements and his conduct. He did not change that domicile after its acquisition, and remained in the state, except for temporary absences or military duty, for the statutory period before commencing his action. The trial court was not in error in concluding that he had met the jurisdictional requirement in question.

■ Defendant further contends that plaintiff failed to prove a statutory ground of divorce. The trial court found, among other facts, that defendant refused to live with plaintiff and had stated that she would not do so; that, while the parties were living together, defendant constantly nagged and abused plaintiff, quarreled with him, and made his life unbearable, and that plaintiff was made nervous and emotionally upset by her treatment. The preponderance of the evidence establishes these facts and proves the statutory ground of divorce found and designated by the trial court as cruel treatment and personal indignities rendering plaintiff's life burdensome. RCW 26.08.020(5) [*cf.* Rem. Supp. 1949, § 997-2].

We find no error in the denial of defendant's motion, made during the presentation of her case, for an amendment of her answer to pray for separate maintenance, or in the denial of her motion for a new trial.

The decree is affirmed.

SCHWELLENBACH, C. J., HILL, HAMLEY, and FINLEY, JJ., concur.