[No. 33391. Department Two. December 8, 1955.]

NORMAN E. FISKE, *Respondent*, v. HELEN DOYLE FISKE, *Appellant*.[1]

---

[1] Reported in 290 P. (2d) 725.

*Everal Carson*, for appellant.

*Thomas E. Meade*, for respondent.

MALLERY, J.—This is an appeal from the decree of divorce in an action brought by the respondent husband. The parties were married July 4, 1917, at Las Cruces, New Mexico. They have no children. On September 11, 1951, the appellant wife secured a separate maintenance decree in California. It divided their property and awarded her two hundred dollars a month support money. This decree was later modified by the courts of Rhode Island.

The instant action was commenced in the superior court for Clark county. The appellant affirmatively pleaded that respondent was not a resident of the state of Washington. She assigns as error the trial court's assumption of jurisdiction of the action.

The respondent, who entered the army in 1916 and retired as a colonel on August 1, 1953, invokes the rule governing residence of members of the armed forces. RCW 29.01.140 [*cf.* Rem. Rev. Stat., §§ 5110, 5111], which was in effect when the action was commenced, provides, *inter alia*:

" 'Residence' means a person's place of abode. No person gains or loses his residence by reason of his presence or absence:

"(1) While employed in the service of the United States;

. . .

"(3) While a student at any seminary of learning; . . ."

The facts upon which respondent relies to bring him under the statute, are as follows: In his youth, after the death of his mother, he lived with his aunt and grandmother in Portland, Oregon. When his father remarried, he went to live with him, but returned to his aunt upon his father's death. While he was attending the University of California, his aunt and her husband moved from Portland to Vancouver, Washington, where they still reside. Through the years, respondent has occasionally visited them in Vancouver, and has kept some personal articles and clothing there.

It is respondent's theory that his aunt's residence was also his residence, and that when she moved to Vancouver his residence followed hers. He has always looked upon her home as his home and intended to keep it as his residence. He contends the statute permitted him to retain his Washington residence during the forty-one years he was in college and in the army.

We will assume, without deciding, that the Washington residence of his aunt to which she moved while he was in college, became his residence, because she stood *in loco parentis*.

Notwithstanding the statute in question, a member of the armed forces has the right to acquire a new residence while in the service, if he establishes a domicile off of the military post and resides there for the required time with the intention of making it his permanent residence. *Kankelborg v. Kankelborg*, 199 Wash. 259, 90 P. (2d) 1018; *Sasse v. Sasse*, 41 Wn. (2d) 363, 249 P. (2d) 380. The same rule permits the acquisition of a new residence while attending college. The voluntary acquisition of a new residence forfeits and abandons the previous one, since one cannot have two residences at the same time. *In re Lassin's Estate*, 33 Wn. (2d) 163, 204 P. (2d) 1071; *Sasse v. Sasse*, *supra*.

It is true respondent had the right, under the statute, to retain his Washington residence regardless of where he

lived while in college and the army, if it was his intention so to do. Our question is, did he do so under the facts of this case?

■ The appellant produced photostatic copies of four voting registrations in California. The first was in 1916 while respondent was a college student residing in Berkeley. The second, also in 1916, was while he was residing in Berkeley and working as a post-graduate manager of the Faculty Club. The third and fourth were in 1920 and 1922 while he was in the army, but residing in Berkeley off of the military post. This length of residence plus his *intention* to claim a residence, as was conclusively shown by his voting registrations, established a California residence. *Sasse v. Sasse, supra.* This forfeited his former Washington residence. It follows that respondent's claim to a *present* Washington residence must depend upon facts legally sufficient to have acquired it since his California residence.

■ The rule is that a residence once established is presumed to continue, *Polk v. Polk,* 158 Wash. 242, 290 Pac. 861; *Kankelborg v. Kankelborg, supra; In re Lassin's Estate, supra;* and the burden is upon him who asserts a change from a residence once it is established. *Polk v. Polk, supra; In re Pugh's Estate,* 18 Wn. (2d) 501, 139 P. (2d) 698; *In re Mullins,* 26 Wn. (2d) 419, 174 P. (2d) 790; *In re Lassin's Estate, supra; Sasse v. Sasse, supra.*

■ Respondent's proof as to his acquisition of a Washington residence after 1922, is very sketchy. The record shows that he has made occasional visits to his aunt through the years, but he has not been physically in the state of Washington for a greater period than from November, 1953, after he retired from the army, until December, 1953, when he commenced this action. This period of residence with his aunt in Vancouver, is short of the year required by statute to confer jurisdiction upon the court. The period of his residence in Washington *after* commencement of the action, cannot be computed as part of the year required by statute. *Polk v. Polk, supra.*

■ The respondent did the following acts *in absentia,*

upon which he relies as proof of his intention to establish a Washington residence. He opened a bank account in Vancouver in 1949 and closed it in 1950. Early in 1952, he bought a car in Boston and had it registered and licensed in the state of Washington. He registered by affidavit notarized in Washington, D. C., and voted in Vancouver by absentee ballots from Cairo, Egypt, in 1948, and from Providence, Rhode Island, in 1952.

These acts are sufficient to show an intention to acquire a residence in Washington at some time *in the future*. That is not enough. The intention to establish a residence must relate to a *present residence*. *In re Lassin's Estate, supra.* Mere intentions alone are insufficient to initiate a residence. *Sasse v. Sasse, supra.* He did not come to Washington and remain the required length of time with the intention of making it his residence, to give the trial court jurisdiction of the action.

Since respondent did not sustain his burden of establishing the trial court's jurisdiction of the action, the decree of divorce must be reversed. *Hammond v. Hammond*, 45 Wn. (2d) 855, 278 P. (2d) 387.

The appellant contends the trial court erred in allowing three hundred fifty dollars for travel and other expenses incident to defending the action, and in allowing three hundred dollars as attorney's fees. As to appellant's expense money, she testified to an expenditure of three hundred fifty dollars, and therefore cannot complain of the trial court's ruling.

The request for attorney's fees was not supported by any testimony, but was directed to the unaided discretion of the trial court. We will not review such a request except for manifest abuse, which we do not find in this case.

The judgment is affirmed as to appellant's trial expenses and attorney's fees. In all other respects, it is reversed.

The appellant will recover her costs.

HAMLEY, C. J., HILL, WEAVER, and ROSELLINI, JJ., concur.