[No. 33293. Department Two. December 22, 1955.]

M. G. (MEL) TENNENT, *Appellant,* v. RALPH S. STACY *et al.,*
*Respondents.*[1]

*Irving D. Smith, Sr.,* and *John Spiller,* for appellant.

*Charles O. Carroll, V. D. Bradeson,* and *Weter, Roberts
& Shefelman,* for respondents.

WEAVER, J.—Was defendant Ralph S. Stacy a qualified
elector in King county, Washington, for ninety days prior
to September 14, 1954, and was he eligible to be elected to
the office of county assessor?

Subsequent to the general election of November 2, 1954,
the King county canvassing board of election returns cer-
tified that defendant Ralph S. Stacy had been duly elected
to the office of assessor of King county.

Pursuant to statute (Rem. Rev. Stat., § 5366 *et seq.* [*cf.*
RCW 29.65.010 *et seq.*]), M. G. Tennent commenced this

[1] Reported in 291 P. (2d) 647.

action contesting defendant's election and asking that plaintiff be declared the person duly elected to said office. The contest petition alleges:

"That for a number of years prior to and on November 2, 1954, the said defendant Ralph S. Stacy was not eligible to the office aforesaid by reason of the fact that the said defendant for a number of years prior to and on November 2, 1954, resided on Bainbridge Island in Kitsap County, Washington, and as such was not then a properly qualified elector in King County, Washington."

Plaintiff appeals from a judgment dismissing his action with prejudice.

Laws of 1919, chapter 139, § 1, p. 390, provides as follows:

"*That* no person shall be competent to qualify for or hold any elective public office within the State *of Washington,* or any county, [city], district, precinct, *school district, municipal corporation or other district* or [other] political subdivision, unless he *be* [is] a citizen of the United States and [the] State *of Washington* and an elector of such county, [city], district, precinct, *school district, municipality or other district* or [other] political subdivision."

(This statute appears as Rem. Rev. Stat., § 9929. The italicized words are omitted and the bracketed words inserted in RCW 42.04.020.)

Respondent's citizenship is not questioned. Was he an elector of the county at the time in question?

The qualifications of an elector are found in Art. VI, § 1, as amended by amendment 5 of the state constitution, which provides:

"Qualification of Electors. All persons of the age of twenty-one years or over, possessing the following qualifications, shall be entitled to vote at all elections: They shall be citizens of the United States; they shall have lived in the state one year, and in the county ninety days, and in the city, town, ward or precinct thirty days immediately preceding the election at which they offer to vote; . . ."

The evidence discloses that respondent and his wife, who have lived in the state of Washington for many years, moved from Bainbridge Island, Kitsap county, to the city

of Seattle in King county, on or about March 10, 1954, where they rented and furnished an apartment. Respondent caused his previous Seattle voting registration (he had registered there many years before) to be transferred to the precinct in which his apartment is located.

■ There is ample evidence in the record to sustain the finding of the trial court that "the residence, domicile and place of abode" of respondent, for ninety days preceding the primary and general elections, was the apartment into which respondent and his wife moved on March 10, 1954. We deem this finding sufficient to meet the constitutional requirement that respondent "lived" within the political subdivision for the required time.

Appellant argues: proper registration to vote is a condition precedent to being an elector; respondent was not properly registered; therefore, he is not an elector and not eligible to hold office.

The trial court, in view of the scope and limit of the pleadings, found that no issue of respondent's registration, prior to March 10, 1954, was before the court. Assuming, without deciding, that the issue is before us, we still cannot agree with appellant's major premise.

Art. VI, § 7, of the state constitution provides in part:

"REGISTRATION. The legislature shall enact a registration law, and shall require a compliance with such law before any elector *shall be allowed to vote*; . . . " (Italics ours.)

Under the constitution, the legislature may make registration a condition precedent to the right of an elector to vote. Such registration statutes are merely reasonable and convenient regulations prescribing the *mechanics of exercising* the right to vote. One of their purposes is to determine who are qualified electors in order to prevent illegal voting. Registration statutes neither add to nor detract from the qualifications that the constitution requires of an elector. However, in this case, we are not concerned with respondent's right to vote.

■ The constitution does not make registration a condition precedent to being an elector, which is the test of

eligibility to hold office. To be a qualified voter, one must necessarily be a qualified elector, but the converse is not true.

Hence, under these circumstances, whether respondent was legally or illegally registered (which we do not decide) is of no moment, for such is not the constitutional test of his eligibility to hold the office to which he was elected.

In *Bergevin v. Curtz*, 127 Cal. 86, 59 Pac. 312 (1899), the court had before it constitutional and statutory provisions relating to eligibility to hold office similar to those of this state. The court held that an elector possessing the necessary constitutional and statutory qualifications is entitled to hold office though he is not a registered voter in the district where he resides. See also: *People v. Darcy*, 59 Cal. App. (2d) 342, 139 P. (2d) 118 (1943).

This principle has been followed in other jurisdictions. *State ex rel. Lang v. Furnish*, 48 Mont. 28, 134 Pac. 297 (1913); *State ex rel. Schur v. Payne*, 57 Nev. 286, 63 P. (2d) 921 (1937).

The judgment is affirmed.

HAMLEY, C. J., OTT, MALLERY, and ROSELLINI, JJ., concur.