[No. 34850. Department Two. August 15, 1958.]

MABEL R. DEFILIPIS, *Plaintiff*, v. LEONARD RUSSELL *et al.*, *Defendants and Relators*, THE SUPERIOR COURT FOR KING COUNTY, *Honorable Hugh Todd, Judge, Respondent.*[1]

*Kane & Spellman*, for plaintiff.

*Burton & Greenlee*, for defendants and relators.

*Charles O. Carroll* and *Maurice M. Epstein*, for respondent.

WEAVER, J.—August 5, 1958, the trial court entered judgment which (1) held null and void the declaration of candidacy of Leonard Russell for his party's nomination to the office of state representative for the thirty-seventh legislative district in Seattle, King county, Washington, and (2) restrained the auditor and the superintendent of elections of King county from printing the name of Leonard Russell on the primary election ballot for said position.

The facts are not in dispute.

[1] Reported in 328 P. (2d) 904.

July 21, 1958, Mr. Russell filed with the county auditor his declaration of candidacy for his party's nomination to the state legislature for the thirty-seventh district. On that date, he was a citizen of the United States, a resident of King county, and a *registered voter in the thirty-third legislative district.* He had resided in the thirty-seventh district more than thirty days prior to July 21, 1958. Eight days after filing his declaration of candidacy, he registered as a voter in the thirty-seventh district.

It is conceded that, under the constitution and statutes of this jurisdiction, Mr. Russell must be eligible to hold the office at the time he files his declaration to participate in the election process (see *State ex rel. Reynolds v. Howell,* 70 Wash. 467, 126 Pac. 954 (1912); *State ex rel. Willis v. Monfort,* 93 Wash. 4, 159 Pac. 889 (1916); *State ex rel. Pennick v. Hall,* 26 Wn. (2d) 172, 173 P. (2d) 153 (1946)); hence, his subsequent registration as a voter in the thirty-seventh district is not considered by us.

The question involved—Must a candidate for the state legislature be a *registered* voter in the district which he chooses to represent at the time of filing his declaration of candidacy?—is narrow and one of first impression in this jurisdiction. We have not found much aid to its solution in the adjudicated cases.

Article II, § 7 of the Washington constitution sets forth the basic qualifications of eligibility for election to the state legislature.

"Qualifications of Legislators. No person shall be eligible to the legislature who shall not be a citizen of the United States and a *qualified voter* in the district for which he is chosen." (Italics ours.)

The basic question is whether the framers of the constitution intended that the term "qualified voter," as used in Art. II, § 7, included registration to vote. We believe that they intended a meaning beyond that specified by the word "elector," else they would have used "elector" as descriptive of one eligible to the office of legislator. The qualifications of an elector, found in Art. VI, § 1 of the state constitution, do not include registration to vote, and it cannot, *by statute,*

be made an additional prerequisite of eligibility to hold office. See *Tennent v. Stacy*, 48 Wn. (2d) 104, 291 P. (2d) 647 (1955).

On the other hand, however, it is the constitution itself which requires that

"The legislature *shall* enact a registration law, and *shall* require a compliance with such law *before any elector shall be allowed to vote;* . . ." (Italics ours.) Washington constitution, Art. VI, § 7.

■ Article II, § 7, and Art. VI, § 7, must be construed together so that each has meaning; hence, under Art. II, § 7, of the state constitution a "qualified voter" is one possessing the present legal power or capacity to vote. The term, as used in this section, is descriptive of one who has become eligible to vote by reason of registration. This gives meaning to the term "qualified voter."

In *Hindman v. Boyd*, 42 Wash. 17, 31, 84 Pac. 609 (1906), the court was interpreting a statute which, it was urged, required registration to vote as a prerequisite to signing a petition to amend a municipal charter. In the instant case, we find in the constitution that registration is a prerequisite to eligibility to hold office as a legislator; hence, the language of the *Hindman* case is not applicable.

Mr. Russell did not meet the constitutional requirement of being a "qualified voter in the district" at the time he filed his declaration of candidacy.

The judgment is affirmed.

The five members of the department are of the opinion that the remittitur should be transmitted forthwith. The clerk is authorized so to do upon the approval of another member of the court.

HILL, C. J., ROSELLINI, and FOSTER, JJ., concur.

DONWORTH and FINLEY, JJ.—We approve transmittal of the remittitur forthwith.

FINLEY, J. (concurring in the result)—The meaning of the pertinent constitutional language is ambiguous. This is clearly borne out in the briefs prepared and filed and in

the oral arguments made by counsel for the parties to this action. In other words, respectable, orthodox and convincing legal and practical arguments may be, and have been, advanced in support of each side of this controversy. There is no point in writing a lengthy opinion elaborating on the foregoing. If there ever was a case which the court could easily decide one way or the other, and a case which consequently poses a policy decision for the court, this is it.

There has been much emphasis upon the importance and desirability of all citizens registering and voting in order to facilitate democratic management of the affairs of government by the electorate at all levels of government. The requirement of registration as a qualification for candidacy for the legislature imposes no serious burden upon any citizen who may aspire to such public office. For the reasons indicated, and with the forthright acknowledgment that the decision is a policy one, I agree with the majority opinion that the trial court should be affirmed.