[No. 35568.   Department Two.   December 21, 1961.]

THE STATE OF WASHINGTON, *Respondent,* v. MILTON BURNS, *Appellant.**

*Henry Opendack,* for appellant.

*Charles O. Carroll* and *Liem Eng Tuai,* for respondent.

OTT, J.—Milton Burns and Alma Jean Burns were divorced in 1957. Alma Jean Burns was awarded custody

*Reported in 367 P. (2d) 119.

of two of their children, Robert and James Burns, and allowed $50 monthly support.

August 27, 1959, Burns was charged by information in the Superior Court for King County with the crime of nonsupport of his sons, Robert and James, aged seven and six respectively.

From a judgment and sentence based upon the jury's verdict of guilty, Burns has appealed.

■ Appellant assigns error to the alleged misconduct of the deputy prosecuting attorney. The appellant had been injured prior to trial, and testified from a wheel chair. The deputy prosecuting attorney, in his argument to the jury, referred to the wheel chair and "all this emotion and monkey business," and to appellant's injury as a "convenient affliction." Defense counsel made no objection at the trial to the deputy's comments, nor did he ask that the jury be instructed to disregard them. Such alleged misconduct of counsel cannot be urged as prejudicial error on appeal, unless an objection thereto was made at the time of trial, the court requested to instruct the jury to disregard it, and the request denied. *Burback v. Bucher,* 56 Wn. (2d) 875, 355 P. (2d) 981 (1960); *State v. Cogswell,* 54 Wn. (2d) 240, 339 P. (2d) 465 (1959), and cases cited.

We find no merit in appellant's first contention.

Finally, appellant assigns error to the court's refusal to dismiss the charge or, in the alternative, to grant a new trial, contending that there was no evidence that the children resided in King County during the time in question. In support of this contention, appellant asserts that instruction No. 7 became the law of the case, and that the children's residence in King County was thereby made an element of the offense.

Instruction No. 7 is as follows:

"To convict the defendant, Milton Burns, of the crime of Non-Support of two minor children, as charged in the information, the state must prove to you beyond a reasonable doubt:

"(1) That the defendant is the father of Robert Duane, aged 7 years and James Herbert, aged 6 years, children under the age of sixteen years;

"(2) That during the period intervening from the 18th day of October, 1957 to the 14th day of August, 1959, the defendant wilfully, unlawfully, and feloniously, without lawful excuse, did omit to furnish necessary food, clothing, shelter or medical attendance for the aforementioned children;

"(3) That during the aforementioned period of time intervening from the 18th day of October, 1957 to the 14th day of August, 1959, the aforementioned children resided in King County, Washington.

"If you find from all the evidence admitted in this case that the State has proved beyond a reasonable doubt, each and all of the foregoing elements of the crime charged in the information, then it will be your duty to return a verdict of guilty as charged in the information herein;

"On the other hand, if after weighing all the evidence and lack of evidence you then entertain a reasonable doubt as to the establishment of any one of the foregoing elements, then you should return a verdict of not guilty."

Alma Jean Burns (now Weber) testified that she remarried in 1958, and that she resided at 5005 South 124th Street in Seattle. Relative to the residence of the children, she testified:

"Q. I see. Are these children presently living with you? A. Yes, they are. Q. Have they lived with you ever since the divorce? A. Yes. . . . Q. Now during this period of time, between October of 1957 and August of 1959 have you ever contacted Mr. Burns in an attempt to let him know where you were and try to get support from him? A. Yes, I did."

In addition to this testimony, the appellant was charged with nonsupport in Justice of the Peace Knott's court in King County on February 29, 1956. He appeared, subsequently made several support payments to the clerk of Justice Knott's court, and further prosecution of the offense was thereupon held in abeyance. He thereafter defaulted and, because of the death of Justice Knott, a new charge was filed June 3, 1959, in Justice Manolides' court.

If instruction No. 7 made residence a material element of the offense, as appellant contends, then, at the time of the justice court proceedings, appellant, by submitting

to the jurisdiction of the court and making support payments, acknowledged the residence of his former wife to be in the county in which the cause was then being prosecuted.

The quoted testimony and the circumstances of the justice court proceedings were sufficient evidence from which the jury could conclude that Alma Jean Burns (Weber) was a resident of King County during the period in question. Appellant offered no evidence to the contrary.

■ Residence, once established, is presumed to continue. One who asserts a change of residence bears the burden of proof. *Fiske v. Fiske,* 48 Wn. (2d) 69, 290 P. (2d) 725 (1955), and cases cited. See, also, *State v. Hurlbert,* 153 Wash. 60, 279 Pac. 123 (1929).

■ Alma Jean Burns, by court order, was awarded the care, custody, and control of the two children. Under such circumstances, the residence of the mother is the residence of the children awarded to her. *Simonds v. Simonds,* 154 F. (2d) 326, 13 A. L. R. (2d) 1138 (1946); *Latham v. Latham,* 223 Miss. 263, 78 So. (2d) 147 (1955); 13 A. L. R. (2d) 313; 17A Am. Jur. Domicil § 69, p. 248.

■ We hold that the evidence established that the "children resided in King County," and that the court did not err in refusing to grant a new trial or to dismiss the cause of action.

The judgment and sentence is affirmed.

FINLEY, C. J., MALLERY, DONWORTH, and HUNTER, JJ., concur.