[No. 42611. En Banc. August 23, 1973.]

SHARON CAROL LAVERGNE et al., *Appellants,* v. RUTH BOYSEN et al., *Respondents.*

Richard S. Brown (of Buzzard, Brown & Glenn, P.S.), for appellants.

Gerald L. Whitcomb, for respondents Stoehr et al.

BRACHTENBACH, J.—Plaintiffs challenge the validity of a special levy election held in Kamilche Valley School District No. 401. They allege that at least two persons voted in that election who were not residents within the school district. In the election 99 votes were cast, 60 of them in favor of the levy. Plaintiffs urge that the two contested votes could be critical for if there were only 58 affirmative votes, the levy would fail for not meeting the required 60 percent majority. Const. art. 7, § 2(a).

While the levy election was held on November 2, 1971, this action was not commenced until January 20, 1972. Plaintiffs moved for a summary judgment on March 8, 1972; an answer and a counterclaim, denominated as a cross claim, were filed June 2, 1972. On September 1, 1972, defendants moved to dismiss. On September 21, 1972, plaintiffs again moved for summary judgment (the record fails to disclose any argument or disposition of plaintiffs' earlier summary judgment motion). On October 24, 1972, the trial court dismissed the action for plaintiffs' failure to proceed in a timely manner. We affirm.

RCW 28A.58.521 provides that all school district elections, regular or special, shall be conducted according to the election laws contained in Title 29 RCW. Plaintiffs rely on RCW 29.04.030, which authorizes the court to:

> [R]equire any person charged with error, wrongful act or neglect to forthwith correct the error, desist from the wrongful act, or perform the duty . . . whenever it is made to appear . . . by affidavit of an elector that:
> . . .

(4) A wrongful act has been performed or is about to be performed by any election officer; or

(5) Any neglect of duty on the part of an election officer has occurred or is about to occur.

■ Plaintiffs fail to bring themselves within RCW 29.04.030 for two reasons. First, while there are affidavits in the record to the effect that two voters were not residents of the school district, all of these affidavits fail to identify the affiants as electors, a prerequisite for invoking the statute. Second, the record fails to disclose anything about the election itself. From the bare allegation that persons residing outside the district voted, it does not follow that such was due to the errors, wrongful acts or neglect of election officials. Whether the two voters were on the registration rolls as residents within the school district, how and why they were allowed to vote, and what actions were performed or not performed by election officials are all highly pertinent questions as to whether there were errors, wrongful acts or neglect. On these points, the record is silent. Consequently, plaintiffs cannot avail themselves of RCW 29.04.030.

Next plaintiffs urge that the election laws contain no time limit which is applicable to the challenge of a school levy election. Countering, defendants urge that RCW 29.65.010 and 29.65.020 place a 10-day limit on actions challenging any election. Plainly, by its very terms, that statute is limited to contests regarding elective offices and is not applicable here.

■ Statutes of limitation are creatures of legislation, rather than the judicial process. *Chase Sec. Corp. v. Donaldson,* 325 U.S. 304, 89 L. Ed. 1628, 65 S. Ct. 1137 (1945); *rehearing denied,* 325 U.S. 896, 89 L. Ed. 2006, 65 S. Ct. 1561 (1945). But when a party invokes the equity powers of the court, the somewhat analogous principle of laches comes into play. Plaintiffs ask the court to enjoin (a) the auditor from certifying the election to the assessor; (b) the assessor from spreading the levy on the rolls; and (c) the school board from expending the levy funds. They thereby sought

to use what has been described as the "strong arm of equity." *Blanchard v. Golden Age Brewing Co.*, 188 Wash. 396, 415, 63 P.2d 397 (1936).

Delay and the lapse of time alone do not constitute laches. Its application depends upon the equities of a particular case which would render the maintenance of the action inequitable. Some injury, prejudice or disadvantage to the defendant or an innocent third party must result from allowing the relief sought. *Amende v. Pierce County,* 70 Wn.2d 391, 397, 423 P.2d 634 (1967); *McKnight v. Basilides,* 19 Wn.2d 391, 400, 143 P.2d 307 (1943); 27 Am. Jur. 2d *Equity* §§ 152-56 (1966).

 There exists a substantial public interest in the finality of elections, necessitating prompt challenges. The legislature has recognized that public policy in allowing only 10 days in which to challenge elections involving public offices. RCW 29.65.010. The United States Supreme Court has approved the principle. "The fact that cutting off the right to challenge conceivably may result in the counting of some ineligible votes is thought to be far outweighed by the dangers attendant upon the allowance of indiscriminate challenges after the election." *NLRB v. A.J. Tower Co.*, 329 U.S. 324, 331, 91 L. Ed. 322, 67 S. Ct. 324 (1946).

The Ohio court has held that "laches or dilatory conduct in prosecuting an action in connection with elections which may adversely prejudice the substantial rights of parties in such election is just cause for a court to refuse to grant the relief sought." *State ex rel. Krupa v. Green,* 114 Ohio App. 497, 500, 177 N.E.2d 616 (1961).

Plaintiffs waited 79 days from the election before beginning this suit; 8 months more expired before they took further affirmative action to prosecute the suit. While plaintiffs' brief alleges causes and reasons for those delays, the record itself does not contain anything in support thereof.

Elections cannot be subject to such uncertainties. While this challenge lay dormant, the school board was obligated by statute to prepare the district's budget and negotiate teachers' contracts, impossible tasks without accurate knowledge as to the availability of these levy funds. If the election had been challenged in a timely manner and successfully, the district could have resubmitted it to the voters.

Therefore, we hold that the delays, both in starting the action and prosecuting it, constituted laches. These delays caused prejudice and disadvantage to the school, its board of directors and the public itself.

The trial court's dismissal of the plaintiffs' action is affirmed.

HALE, C.J., FINLEY, ROSELLINI, HUNTER, HAMILTON, STAFFORD, WRIGHT, and UTTER, JJ., concur.