[No. 3773-43640-1.    Division One.    June 23, 1975.]

ARNOLD R. FREUND, *Respondent*, v. JOHN L. HASTIE, *Appellant*.

*Schroeter, Jackson, Goldmark & Bender* and *Douglas D. McBroom,* for appellant.

*Davis, Wright, Todd, Riese & Jones* and *Richard Derham,* for respondent.

WILLIAMS, C.J.—This is an appeal by John L. Hastie, the sheriff-elect of Island County, from a judgment annulling and setting aside his election for county sheriff because he was not a qualified elector of Island County.

The facts as found by the court, and to which no error has been assigned, are: John Hastie was born and raised in Island County, where his ancestors were early settlers. Between 1943 and 1970, while he was in the military service, he maintained his residence in Island County. When he retired from the service in August 1970, Hastie established his family in a house which he owned at Yelm, Thurston County, Washington, and was employed by the Yelm Police Department. He voted in Thurston County, registered his automobiles there, and his driver's license was issued with his Thurston County address.

On June 25, 1974, Hastie offered his Yelm residence for sale and had the telephone removed. His wife entered a hospital for surgery, and their three children went to live with grandparents. Hastie's son went to Kennewick to live with an uncle until late July, when he joined his father in Island County. Hastie moved into a cottage he owned in Island County, which had no electric power and no toilet facilities. He changed his mailing address to Island County,

rented a post office box, bought an Island County dog license, established charge accounts, and announced his intention to become an Island County resident and run for sheriff. On July 26, 1974, he registered to vote in Island County, and on July 29, declared his candidacy for the office of sheriff. He lived in his Island County cottage until August 1, 1974, when he returned to his job and home at Yelm. On weekends, he returned to Island County to campaign. In September, his wife and daughters returned to the Yelm residence, and two of the daughters continued their schooling there.

The primary election was held on the 17th of September. Hastie was nominated as the candidate of the Democratic Party for sheriff. In mid-October, Hastie was given a leave of absence from the Yelm police force, moved into the B.O.Q. at Ault Field, Island County, and continued his campaign until the general election which was held on November 5. He received the majority of the ballots cast, and on November 26 was declared elected to the office of sheriff of Island County. On November 29, Arnold R. Freund, the incumbent sheriff of Island County, filed this action contesting Hastie's election, pursuant to RCW 29.65.010. This statute provides:

> Any registered voter may contest the right of any person declared elected to an office to be exercised in the county, district or precinct of his residence, for any of the following causes:
>
> . . .
>
> (2) Because the person whose right is being contested was not at the time he was declared elected eligible to that office;

RCW 42.04.020 defines eligibility to hold office:

> That no person shall be competent to qualify for or hold any elective public office within the state of Washington, or any county, . . . unless he be a citizen of the United States and state of Washington and an elector of such county, . . .

To be qualified, Hastie had to be 18 years or older, a citizen of the United States, and have lived in the county

30 days immediately preceding the election at which he offered to vote. Const. art. 6, § 1 (amendment 5); U.S. Const. amend. 26; *Moen v. Erlandson,* 80 Wn.2d 755, 498 P.2d 849 (1972).

"Lived in," as used in the constitution, is the same as residence, domicile and place of abode. *Tennent v. Stacy,* 48 Wn.2d 104, 291 P.2d 647 (1955); *In re Mullins,* 26 Wn.2d 419, 174 P.2d 790 (1946).

> Residence in fact, coupled with the purpose to make the place of residence one's home, are the essential elements of domicile, . . . and in every case of change of domicile, these two things are indispensable and must be shown.

(Citation omitted.) *In re Estate of Lassin,* 33 Wn.2d 163, 165-66, 204 P.2d 1071 (1949). Thus, an intention to acquire a residence in the future is not enough. 1 Restatement (Second) Conflict of Laws § 18 (1971). The intention to establish a residence must relate to a present residence, and residence, once established, is presumed to continue. *Fiske v. Fiske,* 48 Wn.2d 69, 290 P.2d 725 (1955). One who asserts a change of residence bears the burden of proof. *State v. Burns,* 59 Wn.2d 197, 367 P.2d 119 (1961); *Fiske v. Fiske, supra.*

As seen by the findings of fact, the court did not believe that Hastie had proven a change of residence from Thurston to Island County.

The evidence supports the court's determination that Hastie formed a fixed intent to move to Island County when he was elected sheriff in the general election. At that time, he and his family were living in Thurston County. Prior to that time, he was a resident of Thurston County. During July, while he lived in the primitive Island County cottage, which he did not improve, he was uncertain where he would live if he was not elected sheriff. His presence in the county was not accompanied by a present intent to make a home. He worked and lived with his family in Thurston County from August 1 until mid-October. Although he was physically present in Island County between

mid-October and November 15, his intent to reside there was contingent upon his being elected sheriff. Hastie did not establish residence in Island County until mid-December when both the intent to reside there and the physical fact of residence coincided. *Texas v. Florida*, 306 U.S. 398, 83 L. Ed. 817, 59 S. Ct. 563, 121 A.L.R. 1179 (1939); *In re Estate of Lassin, supra*; *Stevens v. Stevens*, 4 Wn. App. 79, 480 P.2d 238 (1971).

Hastie argues that Freund is estopped from successfully bringing this action because he knew of Hastie's living arrangements, and should have challenged his candidacy prior to the election, as permitted by RCW 29.04.030 and 29.65.130. He invokes the rule that

"laches or dilatory conduct in prosecuting an action in connection with elections which may adversely prejudice the substantial rights of parties in such election is just cause for a court to refuse to grant the relief sought."

*LaVergne v. Boysen*, 82 Wn.2d 718, 721, 513 P.2d 547 (1973).

■ The cases cited by Hastie, including *LaVergne v. Boysen, supra*, involve irregularities in ballots. The issue in this case is the eligibility of the office seeker, which is answered in *State ex rel. Pennick v. Hall*, 26 Wn.2d 172, 175, 173 P.2d 153 (1946), as follows:

The question of eligibility is, of course, a continuing one. This action could be brought prior to the primary election or at any time subsequent thereto.

The trial court was correct in deciding that Hastie was not eligible to be elected to the office of sheriff of Island County because he was not an elector at the required time.

The judgment is affirmed.

CALLOW and ANDERSEN, JJ., concur.

Petition for rehearing denied August 26, 1975.

Review denied by Supreme Court October 21, 1975.