[No. 43713.    En Banc.    October 30, 1975.]

BARBARA S. COTHERN, *Respondent*, v. THE KING COUNTY ELECTION CANVASSING BOARD, *Respondent*, M. L. ROBBINS, ET AL, *Appellants*.

*James E. Kennedy* (of *Carroll, Rindal, Caplinger & Kennedy*), for appellants.

*Colvin & Williams, David J. Williams*, and *Derrill T. Bastian*, for respondent.

*Dale E. Kremer*, amicus curiae.

HUNTER, J.—On February 4, 1975, Shoreline School Dis-

trict, King County, Washington, held a special school levy election. The results of the election were very close, and a group of citizens called for a recount. A total recount was not possible, however, because the ballots from the Glen Arden precinct were not available to the King County Election Canvassing Board. The loss of these ballots occurred between the time they were placed in metal containers according to normal procedures (following the tabulation and certification of the official tally list at the polling place) and the time the King County Election Department received all the election ballots.

The King County Election Canvassing Board held the recount and in lieu of the lost ballots, the Glen Arden precinct tally list was used. This recount did not change the original election results—the levy failed by a slight margin.

Respondent Barbara S. Cothern, individually and as President of the Shoreline School District Board of Directors, then sought to prevent the King County Election Canvassing Board from certifying this result. Claiming that to do so would constitute an error, respondent brought an action in Superior Court pursuant to RCW 29.04.030, and asked that the error be corrected by requiring the Board to certify the election based on the results of a recount that included only the available ballots, *i.e.*, excluding the Glen Arden precinct tally lists. Instead of requiring certification of the election under either recount method, the Superior Court's order of March 14, 1975, invalidated the entire election.

The appellants, Mr. and Mrs. M. L. Robbins, who were intervenors in the Superior Court action, appeal from this order. Notice of appeal was filed on April 14, 1975. The defendant below, King County Election Canvassing Board, has not appealed. The respondent cross-appeals and, in addition, moves to dismiss the appeal.

This appeal has assumed significance due to the events that followed the invalidation of the February 4, 1975, election. On April 8, 1975, the Shoreline School District held a second levy election in which the levy failed. Since

the first election was invalid, a third election was legally permissible. Const. art. 7, § 2. A third election was held on June 10, 1975, and the levy passed. The School District included the levy funds in its preliminary budget. At the time this appeal was heard, the school year had already commenced and the planned programs were in progress. If the recount in the first election were now validated, then the levy would have failed in both the first and second elections, the third election would be a nullity, and the already budgeted funds would become unavailable.

█ The respondent contends that RCW 29.65.120 bars this appeal since the notice of appeal in this case was not filed within 10 days following the Superior Court order. RCW 29.65.120 provides as follows:

> If an election is set aside by the judgment of the superior court and if no appeal is taken therefrom within ten days, the certificate issued shall be thereby rendered void.

The respondent argues this provision controls because RCW 28A.58.521 means that all of the statutory provisions governing elections, including RCW 29.65.120, apply to school district elections. RCW 28A.58.521 reads as follows:

> All school district elections, regular or special, shall be conducted according to the election laws of the state as contained in Title 29 RCW, and in the event of a conflict as to the application of the laws of this title or Title 29 RCW, the latter shall prevail.

We agree with this position. In this case the notice of appeal was filed within 30 days, the general time limit for appeals. See ROA I-33 (1). However, the appeal was not taken within the 10-day time limit set out by the specific statute governing this situation and therefore the appeal must be dismissed.

█ The intent of the legislature in passing RCW 28A.58.521 is clear from its unambiguous language. The statutory provisions governing elections are applicable in their entirety to school district elections. This interpretation of legislative intent is clearly contained in the lan-

guage of the statute and therefore it must be given effect. *See Renton v. Dillingham Corp.*, 79 Wn.2d 374, 376, 485 P.2d 613 (1971); *State ex rel. Tarver v. Smith*, 78 Wn.2d 152, 155-56, 470 P.2d 172 (1970); *Krystad v. Lau*, 65 Wn.2d 827, 844, 400 P.2d 72 (1965).

■ Appellants argue, however, that RCW 29.65.120 is limited to election contests and does not apply to actions brought pursuant to RCW 29.04.030 since it is contained in the chapter related to contests, RCW 29.65. They rely particularly on the following language in *LaVergne v. Boysen*, 82 Wn.2d 718, 720, 513 P.2d 547 (1973):

> Next plaintiffs urge that the election laws contain no time limit which is applicable to the challenge of a school levy election. Countering, defendants urge that RCW 29.65.010 and 29.65.020 place a 10-day limit on actions challenging any election. Plainly, by its very terms, that statute is limited to contests regarding elective offices and is not applicable here.

Our statement in *LaVergne* related to the commencement of actions challenging elections and does not apply to the present case. Here we are dealing with the time of an appeal from a judgment setting aside an election. The language of RCW 29.65.120 is broad and unqualified, and is not limited to appeals from judgments setting aside contested elections. Reading RCW 29.65.120 in context with the mandate of RCW 28A.58.521, requiring all school district elections to be conducted according to RCW Title 29, we conclude that the 10-day time limit for appeal from superior court orders invalidating elections was meant to apply not only to election contests, but also to all school district elections.

Appellant also argues that if RCW 29.65.120 applies, then the time limit for *commencing* an action under RCW 29.65, set out in RCW 29.65.030, should likewise apply. This is incorrect because the instant action was commenced under RCW 29.04.030, relating to the correction of errors. Consequently, the time for commencing an action to contest an election under RCW 29.65.030 did not apply. However, the

final disposition of the present case resulted in the election being set aside (*see Foulkes v. Hays*, 85 Wn.2d 629, 632-33, 537 P.2d 777 (1975)), which placed the case under the ambit of RCW 29.65.120, limiting the time for taking an appeal from a judgment setting aside an election.

In the present case, the notice of appeal from the Superior Court order invalidating the election not having been filed within the time limit prescribed in RCW 29.65.120, the appeal must be dismissed.

Because of our disposition of this case, we do not reach the other issues that were raised in this appeal.

STAFFORD, C.J., and FINLEY, ROSELLINI, HAMILTON, WRIGHT, UTTER, BRACHTENBACH, and HOROWITZ, JJ., concur.