[No. 2072-43469-2.   Division Two.   December 6, 1976.]

THE STATE OF WASHINGTON, on the Relation of Anna-Lee Bickford, Appellant, v. VERNA JACOBSON, Respondent. ANTON J. MILLER, Appellant, v. GUY M. GLENN, Respondent.

474

*Anton J. Miller,* pro se, and *Eugene M. Moen* (of *Halverson, Strong & Moen*), for appellants.

*Guy Glenn,* pro se, and *James B. Finlay,* for respondents.

PETRIE, C.J.—In these consolidated appeals the former prosecutor of Pacific County, Anton J. Miller, seeks to oust from office the person who was declared elected to that office in November 1974, Guy M. Glenn.

The first action was initiated on September 18, 1974, 1 day after the primary election. An elector of Pacific County, pursuant to RCW 29.04.030, filed an affidavit charging election error in the Superior Court for Pacific County seeking (1) to prevent the Pacific County Auditor from certifying to the Secretary of State the name of Guy M. Glenn as the nominee of the Democratic Party for the position of Prosecuting Attorney for Pacific County, and (2) to require the auditor, instead, to certify the name of Anton J. Miller as the party nominee for that position.[1] The

---

[1] RCW 29.04.030 provides:

"Any justice of the supreme court, judge of the court of appeals, or judge of the superior court in the proper county shall, by order, require any person charged with error, wrongful act or neglect to forthwith correct the error, desist from the wrongful act, or perform the duty and to do as the court orders or to show cause forthwith why the error should not be corrected, the wrongful act desisted from, or the duty or order not performed, whenever it is made to appear to such justice or judge by affidavit of an elector that:

"(1) An error or omission has occurred or is about to occur in printing the name of any candidate on official ballots; or

"(2) An error other than as provided in subsections (1) and (3) of this section has been committed or is about to be committed in printing the ballots; or

"(3) *The name of any person has been or is about to be wrongfully placed upon the ballots;* or

"(4) A wrongful act other than as provided for in subsections (1)

elector's affidavit averred that Guy M. Glenn was not a qualified elector of Pacific County and, thus, he was not qualified either to file for the position or to be certified as the nominee of a political party for that position. Mr. Glenn responded by his own affidavit, asserting his qualifications as an elector of Pacific County, including an allegation that he had been domiciled in Pacific County since 1945 and that he registered to vote there in April 1974.

A hearing on show cause was held before the Honorable John W. Schumacher in Grays Harbor County on September 20, 1974. Based on these two affidavits, and after oral argument, the court concluded that Mr. Glenn met all the qualifications necessary to be a candidate for the office of Prosecuting Attorney for Pacific County and, accordingly, on October 2, 1974, entered an order dismissing the elector's action with prejudice. The elector timely appealed to the Supreme Court.

The second action was initiated on November 27, 1974, when Mr. Miller, pursuant to RCW 29.65.010, filed a statement of contest in the Superior Court for Pacific County, contending that Mr. Glenn (who had been declared elected) was ineligible to hold the office because at all relevant times he was neither a qualified voter nor elector of Pacific County as mandated by RCW 36.16.030 and 36.27.010.[2] Accordingly, Mr. Miller sought to annul and set

and (3) of this section has been performed or is about to be performed by any election officer; or

"(5) Any neglect of duty on the part of an election officer other than as provided for in subsections (1) and (3) of this section has occurred or is about to occur.

"An affidavit of an elector under subsections (1) and (3) above when relating to a primary election must be filed with the appropriate court no later than the second Friday following the closing of the filing period for nominations for such office and shall be heard and finally disposed of by the court not later than five days after the filing thereof." (Italics ours.)

[2]RCW 29.65.010 provides in part:

"Any registered voter may contest the right of any person declared elected to an office to be exercised in the county, district or precinct of his residence, for any of the following causes:

". . .

"(2) Because *the person whose right is being contested was not at*

aside the election insofar as it provided the basis upon which Mr. Glenn was declared to have been elected to the office of Prosecuting Attorney for Pacific County and, in lieu thereof, to obtain an order of the court holding "that your contestant be held to have been elected to said office at said election." Mr. Glenn's answer sought to dismiss the election contest and, in addition, sought an order directing Mr. Miller to vacate the office on Monday, January 13, 1975, the expiration date of his existing term of office.

The matter was tried before the Honorable Gerry L. Alexander on January 9 and thereafter the court entered findings, conclusions, and an order dismissing the contest and permanently enjoining Mr. Miller from interfering with the office of Prosecuting Attorney for Pacific County beginning January 13, 1975. Mr. Miller filed a timely appeal to the Supreme Court.

Both appeals were consolidated by order of the Supreme Court, and on October 7, 1975, the consolidated cause was transferred to this court for resolution of the issues presented.

The precise relief sought by the elector in the first action is not available at this late date. Even if we agreed entirely with the elector's contentions, it would serve no useful purpose for us to order Mr. Glenn's name stricken from the ballot for the election which was conducted in November 1974. When the ballots were prepared in 1974, the auditor had no final order of a court to instruct her as to whose name should appear on the November ballot; the matter was then pending in the Supreme Court of this state. Accordingly, we would ordinarily dismiss the appeal from the

---

*the time he was declared elected eligible to that office;"* (Italics ours.)
RCW 36.16.030 provides in part:

"In every county there shall be elected from among the *qualified voters* of the county a . . . prosecuting attorney, . . ." (Italics ours.)

RCW 36.27.010 provides:

"No person shall be eligible to the office of prosecuting attorney in any county of this state, unless he is a *qualified elector* therein, and has been admitted as an attorney and counselor of the courts of this state." (Italics ours.)

order dated October 2, 1974, entered in the action which was based on RCW 29.04.030.

Nevertheless, the mere fact that the auditor placed Mr. Glenn's name on the ballot—and that he received a majority of the votes cast for the office of prosecuting attorney—does not prevent Mr. Miller, as a registered voter in Pacific County, from pursuing the statutory remedy provided by RCW 29.65.010 *and* from pursuing the challenge to Mr. Glenn's eligibility under any other statutory remedy which was adequately preserved and which has not yet been fully litigated.

■ Under RCW 29.65.010, the issue is whether or not Mr. Glenn was eligible to the office of Prosecuting Attorney for Pacific County "at the time he was declared elected." Mr. Miller contends that Mr. Glenn's eligibility must be determined not only as of the date he was declared elected, but also as of the time he filed his declaration of candidacy. We agree with Mr. Miller. In a series of post-primary but pregeneral election cases, the Supreme Court has determined that a candidate for office must be eligible for that office at the time he files his declaration of candidacy. *State ex rel. Reynolds v. Howell,* 70 Wash. 467, 126 P. 954 (1912); *State ex rel. Willis v. Monfort,* 93 Wash. 4, 159 P. 889 (1916); and *Defilipis v. Russell,* 52 Wn.2d 745, 328 P.2d 904 (1958). Because of the pendency of the first action that issue is still before us.

We turn, then, to inquire into those requirements of eligibility. The statutory requirements imposed by RCW 36.16.030 and 36.27.010 are that a candidate for the office of prosecuting attorney must be: (1) a person entitled to practice law in this state (*see State ex rel. Willis v. Monfort, supra*); (2) a qualified elector of the county in which he seeks the office (RCW 36.27.010) and (3) a qualified voter of the county in which he seeks the office (RCW 36.16.030).

Mr. Glenn's status as an active member of the Washington State Bar Association, thus entitling him to practice law in this state, is not challenged. Nor does Mr. Miller

challenge the fact that Mr. Glenn filed his declaration of candidacy on July 30, 1974. The trial court found in part:

That Defendant [Glenn] is over the age of 18 years, is a United States Citizen, *and that he is an elector of Pacific County and of the State of Washington.*

. . .

In April 1974 he registered to vote in Pacific County, Washington and on June 28, 1974, he returned to live in Pacific County, Washington *where he has so resided until the present time.*

(Italics ours.)

Mr. Miller assigns error to the italicized portions of the court's partially conclusionary "finding." Indeed, the main thrust of Mr. Miller's appeal is that Mr. Glenn was not an "elector" of Pacific County, as defined by amendment 5 to the Constitution of the State of Washington, because he was not among those persons who "shall have lived in the state one year, and in the county ninety days, . . . immediately preceding the election at which they offer to vote; . . ."[3]

In *Moen v. Erlandson,* 80 Wn.2d 755, 498 P.2d 849 (1972) it was determined definitively that state-imposed constitutional and statutory durational voting residency requirements of more than 30 days violate the fourteenth amendment to the United States Constitution and cannot be constitutionally sustained unless it can be clearly demonstrated that they are required by a compelling state interest.

---

[3]Art. 6, § 1 of the Constitution of the State of Washington as amended by Amendment 5 in 1910 provides in part:

Qualifications of *Electors.*

All persons of the age of twenty-one years or over, possessing the following qualifications, *shall be entitled to vote* at all elections: They shall be citizens of the United States; *they shall have lived in the state one year, and in the county ninety days,* and in the city, town, ward or precinct thirty days immediately preceding the election at which they offer to vote; . . .

(Italics ours.) Amendment 63 to the Constitution of the State of Washington approved by the voters on November 5, 1974, reduced the constitutional age requirement to 18 years and the residency requirement to 30 days.

Although Mr. Miller accepts the court's finding that Mr. Glenn "returned to live in Pacific County" more than 30 days before filing his declaration of candidacy, Miller insists that Glenn is not an "elector" as defined by the state constitution. The argument appears to be that because RCW 36.27.010 is derived from section 4, chapter 55, Laws of 1891,[4] the term "elector" then used in that statute, must have been intended by the legislature to have the same meaning as framed in article 6, section 1 of the constitution which had been adopted 2 years previously in 1889.

■■ The argument is technically correct, but it does not follow that the legislature's intent in 1891 is the enforceable standard today. The entire thrust of *Moen v. Erlandson, supra,* is that the state constitutional standard cannot be sustained, because to do so would violate the provisions of the fourteenth amendment to the United States Constitution.

Mr. Miller pursues the argument, nevertheless, by suggesting that there is a compelling state interest which revitalizes the elongated residency requirements set forth in the state constitution. He suggests that they provide a reasonable means of insuring that a candidate has completed a minimum period of residency in the state and in the county the candidate seeks to serve as prosecuting attorney. There is some superficial attractiveness to this argument, but to so hold would impose two separate standards for deciding status as an "elector"—one for voting purposes, another for office-holding purposes. We decline to so hold. A strong public policy exists in favor of eligibility for public office, and the constitution, where the language and context allow, should be construed so as to preserve this eligibility. *State*

---

[4]Section 4, chapter 55, Laws of 1891 provided:

"No person shall be eligible to the office of prosecuting attorney in any county of this state, unless he be a qualified elector thereof, and shall have been admitted as an attorney and counselor of the courts of this state." Although the code reviser appears to have substituted the word "voter" for the word "elector" in an early version of the Revised Code of Washington, "elector" has always remained the substantively correct statutory word in the statute.

*ex. rel. O'Connell v. Dubuque,* 68 Wn.2d 553, 413 P.2d 972 (1966).

Accordingly, we conclude—as did the trial court—that Mr. Glenn was a qualified elector of Pacific County when he filed his declaration of candidacy.

Next, Mr. Miller contends Mr. Glenn did not continue to "reside" in Pacific County after June 28, 1974. The trial court found otherwise, and we will not disturb that finding when there is substantial evidence to support it. Interpreting the evidence consistent with the uniformly accepted definition of "residence," we find substantial evidence to support the trial court's finding. *See Stevens v. Stevens,* 4 Wn. App. 79, 480 P.2d 238 (1971); *Tennent v. Stacy,* 48 Wn.2d 104, 291 P.2d 647 (1955).

Finally, Mr. Miller contests his successor's eligibility for office by an assertion that Mr. Glenn was not a "qualified voter" as demanded by RCW 36.16.030. We accept Mr. Miller's definition of that term as follows:

[A] qualified voter is one having the constitutional qualifications for the privilege, who is duly registered pursuant to law, and has the present right to vote at the election being held.

*Williams v. County Comm'rs,* 176 N.C. 554, 557, 97 S.E. 478, 479 (1918).

As a result of the show cause hearing on the first action, the court specifically found: "That Guy M. Glenn was a registered voter of Pacific County, Washington at all times material hereto." We find substantial evidence in the record to support that finding. Indeed, at the show cause hearing, Mr. Miller, as counsel for the elector who initiated the action, indicated that he did not dispute that Mr. Glenn was qualified to vote.

Further, RCW 29.59.010 provides in part:

Registration of a person as a voter shall be presumptive evidence of his right to vote at any primary or election, general or special, . . .

Challenges to a registered voter's right to vote based on lack of residency must be brought pursuant to RCW

29.10.130, .140, and .150. We find no such challenge in the case at bench.

The trial court committed no error in its conclusions that Mr. Glenn met all the eligibility requirements as a candidate for the office of Prosecuting Attorney for Pacific County in 1974.

Judgment affirmed.

REED, J., and ARMSTRONG, J. Pro Tem., concur.

Petition for rehearing denied December 29, 1976.

Review denied by Supreme Court May 25, 1977.