[No. 13621.   Department One.   December 26, 1916.]

F. M. FAIRBANKS, *Respondent*, v. SHADY BROOK MILLING COMPANY, *Appellant*, GARDEN CITY MILLING COMPANY, *Defendant*.[1]

ABATEMENT AND REVIVAL—ANOTHER ACTION PENDING — PRIORITY. After judgment, a writ of garnishment to impound a fund fraudulently conveyed by the judgment debtor is not an independent action, but merely ancillary, although the fraudulent vendee was brought into the proceeding; hence an action against the fraudulent vendee, commenced after judgment but prior to the garnishment, is not a prior action for the same cause that can be pleaded to abate the garnishment proceeding.

SAME. The action first in time will stand against a motion to abate on the ground of another action pending.

SAME—ANOTHER ACTION PENDING—IDENTITY OF CAUSE AND REMEDIES. An action against the fraudulent vendee of all the assets of an insolvent corporation, being an action to recover money, cannot be pleaded in abatement of a prior garnishment and interpleader brought to recover a fund of the insolvent; since one is brought to establish a right and the other in pursuit of a remedy; and since actions *in personam* and proceedings *in rem* do not necessarily conflict.

Appeal from a judgment of the superior court for King county, Mackintosh, J., entered February 7, 1916, upon findings in favor of the plaintiff, adjudging title to money deposited in court by a garnishee, after a trial to the court. Affirmed.

*Benton Embree*, for appellant.

*J. Grattan O'Bryan*, for respondent.

CHADWICK, J.—On May 10th, 1915, respondent, Fairbanks, obtained a judgment against the Garden City Milling Company, a corporation. The Garden City Milling Company had, at some time prior to the rendition of the judgment, sold all of its assets, including outstanding accounts, to the Shady Brook Milling Company. In June,

[1]Reported in 161 Pac. 840.

1915, respondent began an action in the superior court of Walla Walla county against the Shady Brook Milling Company, setting forth his judgment against the Garden City Milling Company, an execution returned *nulla bona,* and that the transfer of its assets, by the Garden City Milling Company to the Shady Brook Milling Company, was in fraud of the rights of creditors, and praying that the Shady Brook Milling Company be held to account for the property so conveyed to it to the extent of satisfying the judgment theretofore returned in the King county court.

Thereafter, and while the case was pending in the Walla Walla court upon demurrer to the complaint, respondent caused a writ of garnishment to be issued upon his judgment theretofore obtained in the superior court of King county, and directed to the Western Produce Company of Everett, Washington. The Western Produce Company answered, admitting its liability to the Garden City Milling Company, and alleging further that the amount so owing by it was claimed by the Shady Brook Milling Company as the assignee of the Garden City Milling Company. Whereupon it paid the amount so owing into the registry of the court. Pending these proceedings, counsel for the Shady Brook Milling Company either withdrew his demurrer, or permitted it to be overruled by the superior court of Walla Walla county, and thereupon answered to the merits.

When the answer of the garnishee in King county came in, respondent obtained an order of the court requiring the Shady Brook Milling Company to come into, and interplead, in the garnishment proceeding. It answered, pleading, among other things, that the action in King county should abate because of a prior action pending between the same parties in the same cause in Walla Walla county, that is, the action upon the judgment theretofore obtained against the Garden City Milling Company in King county.

The court below made findings that the assets of the Garden City Milling Company had been transferred in fraud of

the rights of creditors, and directed that the amount paid into the registry of the court by the garnishee be turned over to the respondent in satisfaction of his judgment.

Appellant contends that there is another action — the Walla Walla suit—pending between the same parties in the same cause, and calls our attention to the fact that, notwithstanding other findings and the judgment of the court below, it was there actually so held. Respondent contends that the garnishment proceeding is but ancillary to its former judgment and is not, in any sense, an action subsequent in time, or the same in character, as the Walla Walla action, or, if it be the same, the King county action is first in time. Notwithstanding the finding of the court that there was, at the time of the rendition of the judgment, another action pending, we are inclined to its conclusion rather than to its finding, and to hold that respondent is entitled to recover.

There are several familiar tests which are resorted to by the courts to determine whether a second action falls within the rule and is to be abated as "another action pending." It must appear that there is an identity of subject-matter, and that the relief sought in the second suit is the same as in the first suit, or that a judgment, if rendered on the merits, would be conclusive between the parties and could be pleaded in bar of the second action. A substantial difference in the relief sought is sufficient to overcome the bar. 1 Cyc. 27, 28.

Respondent had begun an action against the principal defendant and had prosecuted it to judgment. The remedies incident to the collection of that judgment, whether by garnishment or by creditor's bill, cannot, in any sense, be regarded as independent actions, notwithstanding respondent obtained what seems to have been an unnecessary order, that is, that appellant should interplead in the garnishment proceeding. After judgment obtained in the original action, respondent could lawfully pursue all remedies of which he

might avail himself to work a satisfaction of his judgment. *Granger v. Judge of Wayne Circuit*, 27 Mich. 405, 15 Am. Rep. 195. It is the action first in time that must stand as against a motion to abate, where two actions are pending. *Olson v. Seldovia Salmon Co.*, 89 Wash. 547, 154 Pac. 1107. The motion might be directed to the action pending in Walla Walla county to the extent, at least, that it would affect the impounded money, but a motion under the statute would not be available to abate the action in King county, which we regard as the one prior in time.

The action in Walla Walla county is not a prior action for the same cause and between the same parties. The action in King county is to recover money; the action in Walla Walla county is to reach property in the hands of a third party held in fraud of the judgment creditor. The one action established a right; the other is waged in the pursuit of a remedy. The original character or temporal standing of actions is not changed by subsequent proceedings had in either. It follows that appellant's contention, that its interplea in the garnishment proceeding and issue joined thereon makes an original action second in time to the Walla Walla action, is not sound.

"B" sued "V" in ejectment. Pending the action, "V" died. After a time, "B" proceeded by *scire facias* to make "V's" administrators parties. At the time, a former *scire facias* had been sued out. It was shown that the first *scire facias* had been dismissed since the issuing of the second, but this is not material to our inquiry as will be seen by reference to the case, *Heath v. Bates*, 70 Ga. 633, for the court held that a *scire facias* to make parties (our statute, permitting the court to compel an interpleader, performs the same office) was a proceeding in the original action and not the commencement of a new action. See 1 C. J. 49.

Or, if we treat the garnishment and interpleader as an action independent of the original action in King county, appellant is in no better position. We have frequently held

that a garnishment proceeding is, in nature, a proceeding *in rem*. The suit in Walla Walla is an action *in personam*.

"Proceedings *in rem* and *in personam* do not necessarily conflict with each other, until satisfaction is obtained in one, and therefore cannot be pleaded in abatement of each other." 1 R. C. L. p. 14, § 4.

See, also, *Granger v. Judge of Wayne Circuit, supra*. Affirmed.

MORRIS, C. J., MAIN, MOUNT, and ELLIS, JJ., concur.