[No. 32299. Department One. October 20, 1952.]

CHARLES R. GILMAN, *Plaintiff*, v. BETTY WHELAN GILMAN, *Defendant and Relator.*[1]

[1]Reported in 249 P. (2d) 361.

320

*Bell, McNeil & Bowles,* for relator.

*Ronald E. Danielson,* for respondent.

WEAVER, J.—Can one spouse maintain an action for divorce in Kitsap county when the other spouse had previously commenced an action for divorce in King county?

The relator seeks a writ of prohibition restraining the superior court of Kitsap county from entering any order in the Kitsap county action except an order of dismissal therein.

January 4, 1951, Betty Whelan Gilman commenced an action for divorce against Charles R. Gilman in King county. An order was entered fixing support money, determining the husband's rights of visitation with the children, and allowing temporary attorneys' fees. The husband filed an answer and cross-complaint. Plaintiff filed her reply. The case was at issue June 14, 1951.

May 20, 1952, the husband commenced an action for divorce in Kitsap county. He did not allege the pendency of the King county action.

The husband was then, and still is, represented by one counsel in the King county action and by another in the Kitsap county action. Until August 1, 1952, when the wife's present counsel entered the cases, she, too, was represented by different counsel in each county.

The wife (by her first Kitsap county lawyers) filed an answer and cross-complaint to the action of May 20, 1952. Subsequently, the husband, with the permission of the court, filed an amended complaint and certain motions resulting in an order changing the custody of the children from the wife to the husband. Kitsap county counsel for the wife stipulated that her answer and cross-complaint to the original complaint should be considered as her answer and cross-complaint to the husband's amended complaint. To the cross-complaint the husband filed his reply.

August 1, 1952, the wife's present counsel entered the picture. They were confronted with this situation: cases involving the same parties, the same children, the same property, and the same subject matter, were at issue and ready for trial in both King and Kitsap counties.

To unravel this situation, the wife's counsel did the following:

(a) Gave notice that the King county proceeding would be brought on for setting on the trial docket, August 16, 1952.

(b) Served a motion August 15, 1952, for leave to amend the wife's pleadings in the Kitsap county case by filing an amended answer, an amended cross-complaint, and a plea in abatement (all attached to the motion) based upon the fact that a similar action was pending in King county.

(c) Filed a petition to abate the Kitsap county case.

At this point, the husband's King county counsel swung into action. On August 28, 1952, they moved to dismiss the King county case, based upon the husband's affidavit that the parties had become reconciled after the King county

case had been commenced, and that they had lived together as husband and wife until May 14, 1952, the day before the husband commenced the Kitsap county divorce. This affidavit was controverted by the wife.

September 2, 1952, the King county superior court denied the husband's motion to dismiss.

Swiftly, the locale was shifted again to Kitsap county. September 8, 1952, the husband filed motions (1) for an order striking all reference to the plea in abatement from the wife's proposed amended answer and cross-complaint; (2) for an order striking the petition to abate the action; and (3) for an order restraining the wife from proceeding in the King county action. This last motion was neither argued nor ruled upon by the Kitsap county court.

At the conclusion of the hearing upon these motions, the Kitsap county court found: that the parties had been reconciled from on or about November 15, 1951, until May 14, 1952 (a fact found to the contrary six days before by the King county court); that the wife had abandoned the King county action (a fact, which of necessity must be presumed to have been found to the contrary by the King county court six days before when it refused to grant the husband's motion to dismiss); and announced that it (1) would strike the wife's petition to abate the action, and (2) would permit her to file her amended answer and cross-complaint, but would strike therefrom all allegations relating to her plea in abatement, based upon the pendency of the King county action. To prevent the entry of such an order, this writ of prohibition is sought.

■ When the pendency of another action between the same parties for the same cause appears upon the face of the complaint, the objection may be raised by demurrer. RCW 4.32.050 (Rem. Rev. Stat., § 259). When it does not appear upon the face of the complaint, the objection "may be taken by answer." RCW 4.32.070 (Rem. Rev. Stat., § 261).

There are various pleas, dilatory in nature, which will abate the action when properly presented as a defense. In

this case, we are dealing only with the plea of "another action pending."

"There are several familiar tests which are resorted to by the courts to determine whether a second action falls within the rule and is to be abated as 'another action pending.' It must appear that there is an identity of subject-matter, and that the relief sought in the second suit is the same as in the first suit, or that a judgment, if rendered on the merits, would be conclusive between the parties and could be pleaded in bar of the second action." *Fairbanks v. Shady Brook Milling Co.*, 94 Wash. 28, 30, 161 Pac. 840.

The facts of this case (except, perhaps, as to the timeliness of the plea, which will be discussed later) fall squarely under the rule announced in the *Fairbanks* case, *supra*. It is the action first commenced, and which is still pending when the second suit is started, which must stand. *Olson v. Seldovia Salmon Co.*, 89 Wash. 547, 154 Pac. 1107. A subsequent suit cannot be pleaded in abatement of a prior action for the same cause. *Brice v. Starr*, 93 Wash. 501, 161 Pac. 347.

The reason for the rule has been well stated by this court in *State ex rel. Green Mountain Lbr. Co. v. Superior Court*, 145 Wash. 532, 536, 261 Pac. 97:

"One of the reasons for applying the rule of 'another action pending' is to prevent two actions involving the same subject-matter from proceeding independently of each other. It is to prevent necessary confusion and embarrassment. Such confusion and conflict are possible of avoidance where the two actions are pending in the same court, by consolidating the two actions and closing the controversy in one litigation or trial. *Crane v. Larsen*, 15 Ore. 345, 15 Pac. 326. But that result cannot be accomplished where, as here, one action is in one county while the other is in another county. Still another and probably the most evident object of this provision of the statute is to prevent unnecessary litigation and to avoid a second law suit where the subject-matter is involved in the former one."

Nor is it necessary that the plaintiff be the same in each of the actions. The parties to the action are bound by any judgment of the court, whether they be plaintiffs or de-

fendants. When the parties are bound by the judgment, the rule is satisfied. *Crandall v. Iten*, 128 Wash. 277, 222 Pac. 894.

■ If both actions are permitted to stand, the King county superior court may grant a divorce to the wife and make one disposition of the children and of the property; the Kitsap county superior court may grant the husband a divorce and make a different disposition of the children and of the property.

"Such a practice is wrong in theory and liable to be pernicious in effect." *Tacoma v. Commercial Electric Light & Power Co.*, 15 Wash. 515, 46 Pac. 1043.

"Such a condition of affairs will not be tolerated by the law if, as here, it may be avoided." *Crandall v. Iten, supra*, (p. 285).

In *State ex rel. Green Mountain Lbr. Co. v. Superior Court, supra*, we held that it is not within the discretion of the trial court to deny a well-founded, *timely*, plea of another action pending. Respondent argues that the Kitsap county action was at issue, that the wife sought permission to amend her answer and cross-complaint, and to include therein her plea in abatement, that such plea was not timely, and that the entire matter thus became one of discretion for the trial court. With this we cannot agree.

■ When application is made to amend a pleading so as to assert a plea in abatement, such pleas do not commend themselves with the same favor as do amendments interposing defenses which go to the merits of the cause.

■ However, when the first suit was commenced, the superior court of King county acquired jurisdiction of the persons and of the subject matter of the action with power to hear and determine all controversies relating to it. *LaFollett v. LaFollett*, 136 Ore. 332, 288 Pac. 507, 299 Pac. 299. So long as that action exists, no court of co-ordinate jurisdiction and power is at liberty to interfere.

■ Pleas in abatement, other than one based upon the existence of "another action pending," may be waived if not timely interposed (a question we are not called upon

to decide here) (RCW 4.32.190; Rem. Rev. Stat., § 263; see *Washington Printing Co. v. Osner*, 99 Wash. 537, 169 Pac. 988),

". . . excepting always the objection that the court has no jurisdiction, or that the complaint does not state facts sufficient to constitute a cause of action, which objection can be made at any stage of the proceedings, either in the superior or supreme court." RCW 4.32.190; Rem. Rev. Stat. § 263.

The writ of prohibition will issue and the superior court of Kitsap county is prohibited from entering any order in the case entitled "Charles R. Gilman, Plaintiff, vs. Betty Whelan Gilman, Defendant" being cause number 30754 in the superior court of said county, except an order of dismissal. This decision shall go into effect immediately and the remittitur will go down forthwith. Supreme Court Rule 15, 34A Wn. (2d) 7.

SCHWELLENBACH, C. J., MALLERY, GRADY, and DONWORTH, JJ., concur.

OLSON, J., approves sending the remittitur down immediately.