[No. 243-41122-1. Division One—Panel 1. October 13, 1970.]

ROBERT U. MARCUS, *Respondent*, v. FLORENCE MARCUS, *Appellant*.

*Kempton, Savage & Gossard* and *David W. Gossard, Jr.*, for appellant.

*Aiken, St. Louis & Siljeg* and *Edward L. Mueller*, for respondent.

SWANSON, J.—Robert and Florence Marcus were married in Rhode Island in 1959. They initiated separate divorce actions in that state in 1966. His action was abandoned, but hers resulted in what is entitled an "Interlocutory Decree of Separate Maintenance" entered on November 25, 1966.

It provided for payment of $150 every 2 weeks for the support of the wife and children, disposition of personal and real property, and awarded custody of the three children to Mrs. Marcus.

In January of 1967, Robert Marcus, a navy lieutenant commander, was transferred to Alameda, California. Mrs. Marcus continued to reside in the Rhode Island family home with their three children. In March of 1967, Commander Marcus was ordered to Oak Harbor, Washington, to attend a naval school for 5 months, after which he returned to Alameda. On April 6, 1968, 1 year and 3 weeks after his first arrival in Oak Harbor, Commander Marcus brought an action for divorce from Florence Marcus in Island County, Washington. At the trial Mrs. Marcus challenged the trial court's subject matter jurisdiction claiming Commander Marcus had not been a Washington resident for the required 1 year prior to commencement of the divorce action. She also moved for abatement of his action on the grounds that an action for divorce was pending in a Rhode Island Court. The Island County Superior Court determined on the evidence presented that it possessed jurisdiction and granted a divorce to Commander Marcus. Mrs. Marcus appeals.

Appellant Florence Marcus first attacks the jurisdiction of the trial court by assigning error to the court's finding that respondent Robert Marcus was domiciled in Washington for 1 year prior to bringing the divorce action, as required by RCW 26.08.030. The term "residence" as used in RCW 26.08.030 has been construed to mean domicile. *Mapes v. Mapes*, 24 Wn.2d 743, 167 P.2d 405 (1946). In order to establish a new domicile, physical presence in a state must coincide with an intention to make a permanent home in that state. The question of intent is essentially one of the respondent's credibility. There is no strict formula for the finding of domicile, but "the more extrinsic and corroborative evidence he can introduce which is consistent with his stated intention, the more likelihood there is that the trier of the fact will believe him." *Thomas v.*

372

*Thomas*, 58 Wn.2d 377, 381, 363 P.2d 107 (1961). If there is substantial evidence to support the trial court's finding that respondent established a new domicile in Washington in March of 1967, it will not be disturbed. *Brunson v. Brunson*, 2 Wn. App. 809, 812, 472 P.2d 586 (1970). *See also John R. Hansen, Inc. v. Pacific Int'l Corp.*, 76 Wn.2d 220, 455 P.2d 946 (1969).

We cannot say that the trial court's finding is not supported by substantial evidence. Respondent testified that within 3 weeks after his arrival in Washington he intended to make this state his home and place of residence. Although respondent never lived off of the military base[1] at Oak Harbor, he did register his car in Washington in April of 1967 and during his 5-month continuous stay in this state acquired a commercial airplane pilot's license giving Washington as his place of residence. Respondent has not returned to Rhode Island since he left in January of 1967. These acts are consistent with and lend support to his intent to abandon his previous residence in Rhode Island and to establish Washington as his place of residence and domicile.

After returning to California in September of 1967, respondent used his military leave to visit a Miss Johnson in Oak Harbor, Washington, whom he had met while there.[2] In December of 1967 he had navy personnel change his mailing address to that of the home of Miss Johnson's mother who lives in Coupeville, Washington. He registered to vote in Washington in June of 1968. These actions indicate that respondent had no intention of making Cali-

---

[1] In *Fiske v. Fiske*, 48 Wn.2d 69, 71, 290 P.2d 725 (1955), the court held that "a member of the armed forces has the right to acquire a new residence while in the service, if he establishes a domicile *off of the military post and resides there* for the required time with the intention of making it his permanent residence." (Italics ours.) But in *Thomas v. Thomas, supra* at 381, a divorce case likewise involving domicile of a spouse in the military, the court stated that "[n]o one fact should be conclusive." Thus, where respondent lived while at Oak Harbor is just one of the factors to consider.

[2] The respondent married Miss Johnson following the entry of the Island County decree of divorce.

fornia his place of permanent residence and adds credence to his declaration that he intended to make Washington his place of residence. Respondent's absence from Washington in obedience to military orders and the renting of an apartment off of the base in Alameda, as long as he had no intention of making California his permanent place of residence, do not dislodge his Washington domicile. *Sasse v. Sasse,* 41 Wn.2d 363, 249 P.2d 380 (1952).

■ Appellant next assigns error to the trial court's denial of her motion to dismiss respondent's complaint on the ground that an identical matter was before a Rhode Island court. Appellant alleges that because a divorce is pending in Rhode Island, a Washington court should abate a subsequent divorce action commenced here. Her claim is without merit for the pendency of a prior action in one state is not a ground for abating a subsequent action in this state. *Townsend v. Rosenbaum,* 187 Wash. 372, 60 P.2d 251 (1936). *Gilman v. Gilman,* 41 Wn.2d 319, 249 P.2d 361 (1952), does not hold, as appellant suggests, that an action must be abated when the other court is in another jurisdiction, but requires only that a second divorce action between the same parties in a different court in the *same* jurisdiction must be abated. Further, the trial court found the Rhode Island proceeding to be an action seeking separate maintenance rather than divorce. No evidence was offered to contradict this finding. Because different relief was being sought in Rhode Island, the motion to abate was properly denied. *Fairbanks v. Shady Brook Milling Co.,* 94 Wash. 28, 30, 161 P. 840 (1916).

■ Finally, appellant claims the trial court abused its discretion in awarding her only $250 for attorney's fees. The amount to be allowed the wife for attorney's fees is a decision within the sound discretion of the trial court. *Clark v. Clark,* 72 Wn.2d 487, 433 P.2d 687 (1967). There is no showing that this discretion was abused.

Judgment affirmed.

JAMES, C. J., and UTTER, J., concur.