[No. 10635–0–I.   Division One.   March 5, 1984.]

DOWELL COMPANY, *Respondent,* v. CLIFF GAGNON,
ET AL, *Appellants.*

*Robert J. Hall,* for appellants.

*Simmons & Viall* and *Wilton S. Viall III,* for respondent.

WILLIAMS, J.—This action was brought by Dowell Construction Company against Cliff Gagnon and his wife for recovery of money due on an open account. The court granted plaintiff a summary judgment which was reversed in an unpublished decision of this court because there was a genuine unresolved issue of whether the statute of limitations had been tolled by the defendant leaving the state or concealing himself therein. Upon remand, the trial court entered another summary judgment in favor of the plaintiff

ruling that the statute of limitations had been tolled by commencement of another action with the same parties and purpose and in the same venue 10 years before. The defendant appeals the judgment; we reverse and remand.

■ The complaint in the latter action (the one before the court) was not filed within the statutory period and is barred unless a tolling statute, RCW 4.16.170 or RCW 4.16.180, controls. *Summerrise v. Stephens,* 75 Wn.2d 808, 454 P.2d 224 (1969). There is nothing in either of these statutes or in the common law permitting a cause of action to remain in existence virtually in perpetuity by filing and forgetting a complaint. The purpose of the statute of limitations is to force cases to trial while witnesses are still available and memories are still clear. That purpose would be effectively thwarted if the filing of a complaint in the same venue but under a different filing number 10 years before tolled the statute.

Moreover, we note that the pertinent part of RCW 4.16-.170 reads:

> For the purpose of tolling any statute of limitations an action shall be deemed commenced when the complaint is filed or summons is served whichever occurs first.

"*[T]he* complaint" is the one filed in the action before the court, not *a* complaint independently filed. *See Fox v. Groff,* 16 Wn. App. 893, 895, 559 P.2d 1376 (1977).

The complaint in the case before the court was filed long after the statutory period had expired. Whether the tolling statute applies because of defendant's absence from the state or concealment, the question in the first appeal, is still before the court. *Summerrise v. Stephens, supra.*

The judgment is reversed and the case remanded for further proceedings.

CORBETT, A.C.J., concurs.

SWANSON, J. (concurring)—I agree with the result reached by the majority, but believe some additional remarks are necessary.

The facts relevant to the issue before us are not disputed. In 1978, Dowell commenced an action against the Gagnons. The Gagnons asserted as one defense that the statute of limitations had run. The trial court entered summary judgment for Dowell, concluding the statute of limitations had been tolled because of defendants' concealment. In 1981 this court reversed because there was a factual dispute on the issue of whether the statute of limitations had been tolled due to the defendants' concealment. Subsequently, Dowell's attorney, while researching an unrelated matter, discovered that in 1971 Dowell had properly commenced an action against the Gagnons on the same cause. Dowell again moved for summary judgment claiming the commencement of the action in 1971 tolled the statute of limitations. The trial court granted the motion. The Gagnons appealed.

The issue before us is whether commencement of the action in 1971 tolled the statute of limitations for the action commenced in 1978. I agree with the majority that it did not.

This situation, where two actions are filed between the same parties for the same cause, is not unique. This jurisdiction has recognized that the existence of a prior action between the same parties for the same cause constitutes a defense allowing for abatement of the second action. *Gilman v. Gilman,* 41 Wn.2d 319, 322, 249 P.2d 361 (1952) (relying upon RCW 4.32.050, .070, since superseded by CR 7 and 12). The reason for the rule preventing multiple actions is to prevent confusion and embarrassment. *Gilman,* at 323. The rule also serves to prevent a plaintiff from harassing a defendant. Annot., *Circumstances Under Which Court May Abate a Prior Action and Permit Parties To Proceed in Subsequent Action,* 6 A.L.R.3d 468 (1966). The reason for abating the second action instead of the first is to minimize expense and delay. *See* 1 Am. Jur. 2d *Abatement, Survival and Revival* § 7 (1962). The first action has likely progressed further. There are, however, limitations on the rule that the second action should be abated.

One limitation on the rule that the second action should be abated is where the defendant waives the defense to the second action. The Washington statutes that recognized the defense, since superseded by court rules, required the defense to be presented in a timely fashion. *Gilman;* RCW 4.32.050, .070. The current rule appears to be consistent with that requirement. *See* CR 12. The reason for the timeliness requirement again is efficiency. After a certain point in the proceedings it is no longer more efficient to abate the second action. But the reason for preventing multiple actions still exists, thus, the prior action should not be permitted to proceed.

In light of these considerations, I believe that Dowell should not be allowed to claim the action filed in 1971 tolled the statute of limitations for the 1978 action. The Gagnons failed to present an abatement defense, and consequently that defense is no longer available. In these circumstances, where the defendant can no longer utilize the prior action to defend against the later action, the plaintiff should not be permitted to maintain that an action filed over 7 years earlier tolled the statute of limitations in its second action. Furthermore, as the majority concisely observes, a contrary result would undermine a primary purpose of the statute of limitations. Allowing an action filed 10 years before accidental discovery to toll the statute of limitations certainly would not satisfy the purpose of the statute of limitations. Here, therefore, Dowell cannot claim that the action filed in 1971 tolled the statute of limitations.

Accordingly, I concur.