135 P.3d 512 (2006)
132 Wash.App. 942
Olga BANZERUK, Appellant,
v.
ESTATE OF Allan HOWITZ, through its personal representative, Heather MOODY, Respondent.
No. 56059-0-I.
Court of Appeals of Washington, Division 1.
May 22, 2006.
F. Lawrence Taylor, Jr., Taylor Law Firm PS, Renton, WA, for Appellant.
Robert Alex Mannheimer, Robert A. Mannheimer, PS, Seattle, WA, for Respondent.
BECKER, J.
¶ 1 For the purpose of tolling any statute of limitations, the filing of the complaint tentatively commences the action, and the plaintiff has an additional 90 days after filing within which to serve the defendant. This *513 statutory rule unambiguously applies to the filing of a complaint, not an amended complaint. Because appellant Olga Banzeruk's filing of an amended complaint did not extend the time allowed for service, and service upon the defendant did not occur until more than three years after Banzeruk's personal injury action accrued, her action was not timely commenced and the trial court properly dismissed it.
¶ 2 On November 13, 2001, appellant Olga Banzeruk was involved in an automobile accident in King County. Allegedly, Allan Howitz drove his car into the rear of a vehicle in which Banzeruk was riding, causing her to suffer personal injuries.
¶ 3 Howitz died several months later. His daughter, Heather Moody, was appointed personal representative of his Estate on February 20, 2003.
¶ 4 Not knowing that Howitz was dead, Banzeruk filed a complaint on February 12, 2004, in which she named Howitz as the defendant. Eventually, she learned of Howitz's death, but she did not find the King County probate file that already existed for the Estate of Howitz. Banzeruk obtained an order appointing Boris Petrenko as the personal representative for the Estate of Howitz, and Petrenko opened a probate. Banzeruk then filed an amended complaint on November 4, 2004. The caption of the amended complaint named the defendant as "Estate of Allan Howitz, through its personal representative, Boris Petrenko." Petrenko accepted service of process of the amended pleadings on behalf of the Estate on November 30, 2004.
¶ 5 When Heather Moody became aware of Banzeruk's claim and the probate opened by Petrenko, the attorney for the original Estate of Howitz filed a notice of appearance in Banzeruk's personal injury lawsuit. His notice was filed on December 7, 2004. The original Estate and Banzeruk stipulated to an order changing the caption of Banzeruk's action to reflect that Moody, not Petrenko, was the personal representative for the Estate of Howitz. The order was entered on January 12, 2005. On the same day, the court entered an order terminating the probate opened upon Petrenko's petition and declaring all acts taken by Petrenko on behalf of the Estate to be void ab initio. This order invalidated Petrenko's acceptance of service of the Banzeruk lawsuit.
¶ 6 On January 27, 2005, Banzeruk served Moody with the amended summons and complaint. The Estate moved for summary judgment dismissal of the lawsuit on the basis of the statute of limitations. The trial court granted the motion. Banzeruk appeals.
¶ 7 We review an order of summary judgment de novo. Wilson v. Steinbach, 98 Wash.2d 434, 437, 656 P.2d 1030 (1982).
¶ 8 The statute of limitations required that Banzeruk's personal injury action "be commenced within three years" from the date of the injury. RCW 4.16.080. An action is usually commenced by the service of a summons and complaint, or by filing a complaint. CR 3(a). But an action "shall not be deemed commenced for the purpose of tolling any statute of limitations except as provided in RCW 4.16.170." CR 3(a).
¶ 9 RCW 4.16.170 is a "tentative commencement" provision. Kramer v. J.I. Case Mfg. Co., 62 Wash.App. 544, 548, 815 P.2d 798 (1991). Filing a complaint before the limitations period expires is one way that an action can be tentatively commenced, but the action will not survive the statute of limitations unless the plaintiff makes service within 90 days of filing "the complaint":
For the purpose of tolling any statute of limitations an action shall be deemed commenced when the complaint is filed or summons is served whichever occurs first. If service has not been had on the defendant prior to the filing of the complaint, the plaintiff shall cause one or more of the defendants to be served personally, or commence service by publication within ninety days from the date of filing the complaint. If the action is commenced by service on one or more of the defendants or by publication, the plaintiff shall file the summons and complaint within ninety days from the date of service. If following service, the complaint is not so filed, or following filing, service is not so made, the action shall be deemed to not have been commenced *514 for purposes of tolling the statute of limitations.
RCW 4.16.170.
¶ 10 The operation of the statute is illustrated by LaRue v. Harris, 128 Wash.App. 460, 115 P.3d 1077 (2005), also an automobile accident case. The plaintiff filed a complaint for negligence one day short of three years after the accident. While trying to serve the defendant, she discovered he had died. Two months after filing the original complaint, she filed and served an amended complaint that named the Estate. She prosecuted this suit to judgment, after which the Estate sought reversal on the basis of the statute of limitations. The judgment was affirmed on appeal, this court holding that the amended complaint related back to the original complaint under CR 15(c), and noting compliance with RCW 4.16.170 because the amended complaint was filed and served within 90 days of filing the original complaint. LaRue, 128 Wash.App. at 465-66, 115 P.3d 1077.
¶ 11 The motor vehicle accident in the present case occurred on November 13, 2001. To avoid the bar of the statute of limitations, Banzeruk had to commence an action by November 13, 2004. Banzeruk's theory of the case is that she tentatively commenced an action against the Estate of Howitz on November 4, 2004, when she filed the amended complaint naming the Estate as a defendant instead of Howitz. She contends she perfected commencement of the action when, on January 27, 2005within 90 days of filing the amended complaintshe served the amended complaint upon personal representative Heather Moody.
¶ 12 Banzeruk's argument presents an issue of statutory interpretation subject to de novo review. Our fundamental duty is to ascertain and fulfill legislative intent. When a statute is clear, it is not subject to judicial construction and its meaning is to be derived from the statute itself. Parkland Light & Water Co. v. Tacoma-Pierce County Bd. of Health, 151 Wash.2d 428, 432, 90 P.3d 37 (2004).
¶ 13 To toll the statute of limitations, service must occur within 90 days of filing "the complaint". Banzeruk filed "the complaint" on February 12, 2004. As to the action commenced by that original complaint, RCW 4.16.170 has no application. The statute "has been consistently interpreted as governing only when the statute of limitations is tolled". Kramer v. J.I. Case, 62 Wash.App. at 548, 815 P.2d 798.
¶ 14 Instead of amending the original complaint, Banzeruk could have tentatively commenced a new action against the Estate by filing a new complaint on November 4, 2004. Had she done so, service of that new complaint on Moody on January 27, 2005, would have perfected commencement of the action.
¶ 15 Banzeruk contends that filing her amended complaint was equivalent to filing a new complaint because the amended complaint named a different party defendant. But the statute does not say anything about commencing an action with the filing of an amended complaint. It says an action shall be deemed commenced when "the complaint" is filed. If the plaintiff has not served the defendant before filing "the complaint", the plaintiff must make service within 90 days from the filing of "the complaint."
¶ 16 To embellish the plain language of the statute by judicial construction would likely introduce uncertainty and might result in unintended consequences. For example, if a plaintiff filed more than one amended complaint during the 90 days before the expiration of the limitations period, it would not be clear which of these filings initiated the 90-day period allowed by the statute for making service.
¶ 17 We conclude that for the purpose of tolling a statute of limitations under RCW 4.16.170, filing an amended complaint is not equivalent to filing "the complaint." Banzeruk's claim is time-barred.
¶ 18 Affirmed.
WE CONCUR: SCHINDLER, A.C.J., and AGID, J.