# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DONNA LEE SCHIVLEY,

               Appellant,

    v.

DR. CHRISTINE M. SCHAFFNER,
N.D.,

               Respondent.

DIVISION ONE

No. 85639-1-I

UNPUBLISHED OPINION

DWYER, J. — Donna Schivley appeals from an order dismissing her complaint. Because the trial court erred by dismissing Schivley's complaint with prejudice, we reverse and remand for further proceedings consistent with this opinion.

I

On May 4, 2023, Schivley filed a complaint against Dr. Christine Schaffner. Schivley alleged that Dr. Schaffner had been treating her for chronic Lyme disease since at least 2017 and had failed to follow the professional standard of care in several ways. Schivley last visited Dr. Schaffner on May 5, 2020.

On May 15, 2023, Schivley filed proof that she had served the summons and complaint on Dr. Schaffner by mail. Although the proof of service stated that the court had entered an order authorizing service by mail, no such order appears of record. Schivley, who was pro se, later admitted that this was

because she had a "misunderstanding of how to properly serve the Defendant."

On June 12, 2023, Dr. Schaffner moved to dismiss Schivley's complaint with prejudice. She argued that dismissal was required under CR 12(b)(6) because Schivley's claims were time-barred and because they "all . . . fail to state a claim upon which relief may be granted generally." She also argued that because Schivley had not properly served her with the summons and complaint and the defect in service could not be cured within the statutory limitation period, dismissal was required under CR 12(b)(2) for lack of personal jurisdiction and under CR 12(b)(5) for insufficient service of process.

On July 14, 2023, the trial court granted Dr. Schaffner's motion to dismiss Schivley's complaint with prejudice. Schivley appeals.

II

Schivley argues that the trial court erred by granting Dr. Schaffner's motion to dismiss. The trial court did not specify whether it dismissed Schivley's complaint under CR 12(b)(2), (b)(5), or (b)(6). Whichever the case, our review of the trial court's decision is de novo. See State v. LG Elecs., Inc., 186 Wn.2d 169, 176, 375 P.3d 1035 (2016) ("We review CR 12(b)(2) dismissals for lack of personal jurisdiction de novo."); Walker v. Orkin, LLC, 10 Wn. App. 2d 565, 569, 448 P.3d 815 (2019) ("We review whether service was proper de novo."); Chukri v. Stalfort, 200 Wn. App. 870, 874, 403 P.3d 929 (2017) ("We review de novo an order granting a motion to dismiss under CR 12(b)(6).").

As further discussed below, we conclude on de novo review that Dr. Schaffner failed to show that dismissal with prejudice was warranted under any

of the aforementioned rules. Thus, the trial court erred by granting her motion to dismiss with prejudice.

III

CR 12(b)(6) authorizes the defendant to make a pre-answer motion to dismiss a complaint based on "failure to state a claim upon which relief can be granted." Dismissal under the rule is proper "only if the court concludes, beyond a reasonable doubt, the plaintiff cannot prove 'any set of facts which would justify recovery.'" Kinney v. Cook, 159 Wn.2d 837, 842, 154 P.3d 206 (2007) (quoting Tenore v. AT & T Wireless Servs., 136 Wn.2d 322, 330, 962 P.2d 104 (1998)). "The purpose of CR 12(b)(6) is to weed out complaints where, even if that which plaintiff alleges is true, the law does not provide a remedy." Markoff v. Puget Sound Energy, Inc., 9 Wn. App. 2d 833, 839, 447 P.3d 577 (2019). Accordingly, we presume that all of the facts alleged in the complaint are true and may even consider hypothetical facts, consistent with the complaint, that are not part of the record. Gorman v. Garlock, Inc., 155 Wn.2d 198, 214, 118 P.3d 311 (2005). "CR 12(b)(6) motions should be granted 'sparingly and with care' and 'only in the unusual case in which plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief.'" Tenore, 136 Wn.2d at 330 (quoting Hoffer v. State, 110 Wn.2d 415, 421, 755 P.2d 781 (1988)).

A

Dr. Schaffner argued below that dismissal under CR 12(b)(6) was required because "not a single one" of the allegations in Schivley's complaint stated a claim for medical negligence, the undisputed nature of Schivley's claims. We

disagree.

To prevail in a medical negligence action, the plaintiff must show duty, breach, causation, and damages. Rounds v. Nellcor Puritan Bennett, Inc., 147 Wn. App. 155, 162, 194 P.3d 274 (2008). Specifically, the plaintiff must prove that "[t]he health care provider failed to exercise that degree of care, skill, and learning expected of a reasonably prudent health care provider at that time in the profession or class to which he or she belongs, in the state of Washington, acting in the same or similar circumstances" and that "[s]uch failure was a proximate cause of the injury complained of." RCW 7.70.040(1).

Schivley's complaint alleged that Dr. Schaffner began treating her as early as August 2017 for chronic Lyme disease and associated conditions. These included mitochondrial cell disease, posttraumatic stress disorder, and "[c]erebrovascular (brain) disease and additional critical brain diagnoses." Schivley alleged that over the next three years or so, Dr. Schaffner failed to follow the professional standard of care in a variety of ways, including by not following up on certain treatments, not ordering certain diagnostic tests, prescribing inappropriate medications, and failing to diagnose Schivley with certain conditions. Schivley alleged that Dr. Schaffner's failure to follow the standard of care caused her to develop more serious conditions, while her existing conditions remained untreated or even worsened. She also alleged that "due to [Dr. Schaffner]'s conduct," she sustained "emotional distress, suffering," and "[l]oss of earnings, career, future income."

Taking the foregoing allegations as true and considering hypothetical facts

4

consistent therewith—for example, that a reasonably prudent health care provider at the time in Dr. Schaffner's profession in Washington would have acted differently under the same or similar circumstances and that the harm Schivley alleges would not have occurred but for Dr. Schaffner's conduct—we cannot reasonably conclude beyond doubt that Schivley would be unable to establish each element of a medical negligence claim. Accordingly, the trial court erred to the extent it dismissed Schivley's complaint under CR 12(b)(6) for failure to sufficiently plead a medical negligence claim.

B

Dr. Schaffner also argued below that dismissal was required under CR 12(b)(6) because Schivley failed to commence her action within the statutory limitation period. Again, we disagree.

It is undisputed that RCW 4.16.350 applies to Schivley's claims. That statute provides, as relevant here, "Any civil action for damages for injury occurring as a result of health care . . . shall be commenced within three years of the act or omission alleged to have caused the injury or condition." RCW 4.16.350(3). A civil action may be commenced by filing a complaint. CR 3(a).

Schivley filed her complaint on May 4, 2023, one day shy of three years after her final visit with Dr. Schaffner on May 5, 2020. Dr. Schaffner asserts, as she did in the trial court, that Schivley's complaint was not timely filed because it only "alleged injuries for acts or omissions occurring between 2017 and 2019," and her reference to the May 5, 2020 visit was an "attempt[ ] to bootstrap her untimely claims." Br. of Resp't at 6.

But as Schivley points out, under the "continuing course of treatment" rule, medical negligence plaintiffs "have the right to allege [an] entire course of continuing negligent treatment as one claim."[1] Caughell v. Grp. Health Coop. of Puget Sound, 124 Wn.2d 217, 229-30, 876 P.2d 898 (1994). "The proof required for a claim of continuing negligent treatment differs slightly on . . . breach and proximate cause." Caughell, 124 Wn.2d at 233. To prove breach in a continuing course of treatment case, "a plaintiff must show that a series of interrelated negligent acts occurred during the course of treatment for a medical condition." Caughell, 124 Wn.2d at 233. In addition, the plaintiff must show "that the series of interrelated negligent acts caused the injury or damages at issue." Caughell, 124 Wn.2d at 233. In this context, "interrelated" means "that the negligent acts must be part of a 'substantially uninterrupted course of treatment', and must relate to the treatment as a whole." Caughell, 124 Wn.2d at 233 (quoting Samuelson v. Freeman, 75 Wn.2d 894, 900, 454 P.2d 406 (1969)).

As discussed, Schivley's complaint alleged that Dr. Schaffner began treating her as early as 2017 for chronic Lyme disease, and that over the next three years or so, Dr. Schaffner was negligent in several ways during the course of that treatment. We cannot conclude beyond doubt that Schivley will be unable to prove any set of facts showing that Dr. Schaffner's allegedly negligent acts

---

[1] Dr. Schaffner contends that this court should not consider whether Schivley's complaint alleged a continuing course of treatment because Schivley did not argue below that it did. But our Supreme Court has held that in determining under CR 12(b)(6) whether facts exist that would defeat a CR 12(b)(6) motion, a court may consider hypothetical situations raised for the first time on appeal. Bravo v. Dolsen Cos., 125 Wn.2d 745, 750, 888 P.2d 147 (1995) (citing Halvorson v. Dahl, 89 Wn.2d 673, 675, 574 P.2d 1190 (1978)). Furthermore, "[n]either prejudice nor unfairness is deemed to flow from this rule, because the inquiry on a CR 12(b)(6) motion is whether any facts which would support a valid claim can be conceived." Bravo, 125 Wn.2d at 750.

were part of a substantially uninterrupted course of treatment that was related to the treatment of Schivley's Lyme disease and associated conditions as a whole.

Dr. Schaffner points out that under the continuing course of treatment rule, "claimants must allege that the last negligent act, not simply the end of treatment itself, occurred within 3 years of filing suit." Caughell, 124 Wn.2d at 229. She argues that Schivley's complaint was untimely under the rule because, although Schivley referenced her final visit on May 5, 2020, she did not specify how Dr. Schaffner's acts or omissions during that final visit were negligent.

But Schivley's complaint alleged that during her final visit with Dr. Schaffner, she told Dr. Schaffner that she was experiencing "Mitochondrial Cell Shutdown" and would be moving to a nursing home, yet Dr. Schaffner made no recommendations for nursing homes or with regard to Schivley's stated condition. Her complaint also alleged that although she experienced pain following an "IASIS Microneurofeedback" treatment and Dr. Schaffner subsequently indicated in her treatment plan that she should pause those treatments, Dr. Schaffner failed to follow up with Schivley about this during their May 5, 2020 meeting. And, as noted, Schivley alleged that she sustained emotional and monetary damages as a result of Dr. Schaffner's conduct. We cannot conclude that these allegations, together with hypothetical consistent facts, are insufficient to state a claim that Dr. Schaffner was negligent on May 5, 2020.

For her part, Dr. Schaffner contends that there is "no basis" to find that her actions or omissions on that date proximately caused harm to Schivley.

However, this is basically an assertion that Schivley *cannot present any evidence* to prove facts essential to her claim that Dr. Schaffner was negligent on May 5, 2020.  While such an assertion may have been the proper subject of a motion for summary judgment under CR 56, it did not establish a basis for dismissal under CR 12(b)(6), where the court accepts as true the facts conceivably raised by the complaint.  See Brown v. MacPherson's, Inc., 86 Wn.2d 293, 298 n.2, 545 P.2d 13 (1975) ("A summary judgment motion calls upon the court to determine from the pleadings and supporting documents whether any genuine issue of material fact exists requiring a trial.  A CR 12(b)(6) motion questions only the legal sufficiency of the allegations in a pleading." (citation omitted)); Halvorson v. Dahl, 89 Wn.2d 673, 674, 574 P.2d 1190 (1978) ("[A]ny hypothetical situation conceivably raised by the complaint defeats a 12(b)(6) motion if it is legally sufficient to support plaintiff's claim.").

In sum, Dr. Schaffner failed to show, as required in the context of a CR 12(b)(6) motion premised on expiration of the limitation period, that Schivley could not prove any set of facts to show that she timely commenced her lawsuit.  Cf. Austin v. Ettl, 171 Wn. App. 82, 87, 286 P.3d 85 (2012) ("[T]he moving party in a CR 12(b)(6) motion bears the burden.").  Accordingly, the trial court erred to the extent that it dismissed Schivley's complaint under CR 12(b)(6) as time-barred.

IV

Finally, Dr. Schaffner argued below that dismissal with prejudice was warranted for lack of personal jurisdiction.  This was so, she asserted, because

8

Schivley failed to properly serve her with process, and since the statutory limitation period had expired, Schivley could no longer cure that defect. We disagree.

Proper service of process, i.e., service of the summons and complaint, CR 4(d)(1), "is an essential prerequisite to obtaining personal jurisdiction." Walker, 10 Wn. App. 2d at 568. "Service of process must comply with constitutional, statutory, and court rule requirements." Walker, 10 Wn. App. 2d at 568. Generally, the summons and complaint must be personally served. CR 4(d).

Here, it is undisputed that at the time the trial court considered Dr. Schaffner's motion to dismiss, Schivley had not yet personally served Dr. Schaffner. But contrary to Dr. Schaffner's assertion otherwise, Schivley still had time to cure that defect. Specifically, RCW 4.16.170 provides,

> For the purpose of tolling any statute of limitations an action shall be deemed commenced when the complaint is filed or summons is served whichever occurs first. If service has not been had on the defendant prior to the filing of the complaint, the plaintiff shall cause one or more of the defendants to be served personally, or commence service by publication within ninety days from the date of filing the complaint. . . . If . . . following filing, service is not so made, the action shall be deemed to not have been commenced for purposes of tolling the statute of limitations.

In other words, a plaintiff may tentatively commence an action for tolling purposes by filing a complaint and, if the plaintiff also perfects service within 90 days, meet the requirements of the applicable limitation period. See Banzeruk v. Estate of Howitz, 132 Wn. App. 942, 945, 135 P.3d 512 (2006) ("RCW 4.16.170 is a 'tentative commencement' provision." (quoting Kramer v. J.I. Case Mfg. Co., 62 Wn. App. 544, 548, 815 P.2d 798 (1991))).

9

Here, Schivley filed her complaint on May 4, 2023. Thus, she had until August 2, 2023 to perfect service on Dr. Schaffner. See Broad v. Mannesmann Anlagenbau, A.G., 141 Wn.2d 670, 685, 10 P.3d 371 (2000) ("[T]his court has expressly held that a plaintiff has the full period of the limitations period to tentatively commence an action, and the full 90-day period of RCW 4.16.170 to perfect service."). Yet the trial court dismissed Schivley's complaint with prejudice on July 14, 2023, before the 90-day period expired. Dismissal with prejudice was premature. See O'Neill v. Farmers Ins. Co. of Wash., 124 Wn. App. 516, 531, 125 P.3d 134 (2004) (remedy for insufficient service of process is dismissal *without prejudice*). Accordingly, and because the record before us does not establish that Schivley failed to subsequently and timely perfect service such that her action was "deemed to not have been commenced for purposes of tolling the statute of limitations," RCW 4.16.170, we reverse the trial court's order dismissing Schivley's complaint with prejudice and remand for further proceedings consistent with this opinion. Cf. Korst v. McMahon, 136 Wn. App. 202, 208, 148 P.3d 1081 (2006) (defendant bears burden to prove that limitation period has expired); Wachovia SBA Lending, Inc. v. Kraft, 165 Wn.2d 481, 487-88, 200 P.3d 683 (2009) (affirming dismissal without prejudice where it was uncertain whether the limitation period had run and the parties had not addressed potentially relevant tolling statutes).

Reversed and remanded.

_Dwyer, J._

WE CONCUR:

_Smith, C.J._          _Mann, J._