# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| DARYL PECELJ, an individual, and NADINE PECELJ, an individual,<br><br>     Appellants,<br><br>     v.<br><br>DEREK SPARKS, an individual, and JEAN DOE SPARKS, and the marital community thereof; SAM VONGPHONTHONG and JEAN DOE VONGPHONTHONG, and the marital community thereof; and JOHNATHAN MERCADO and JEAN DOE MERCADO, and the marital community thereof,<br><br>     Respondents. | DIVISION ONE<br><br>No. 86257-0-I<br><br>PUBLISHED OPINION |

DWYER, J. — In Washington, a plaintiff may commence a civil action in a manner sufficient to toll the running of the applicable statutory limitation period without simultaneously commencing the civil action in a manner sufficient to obtain personal jurisdiction over the defendant served with the summons. When this occurs, the plaintiff must take the necessary steps to properly commence the action pursuant to Civil Rules 3 and 4 in order to avoid dismissal and prosecute the lawsuit. This case presents this odd state of affairs.

Daryl and Nadine Pecelj appeal from the order of the superior court dismissing their multi-defendant personal injury action. The Peceljes assert that the trial court erred by dismissing this action on the basis that they had failed to

satisfy the statutory requirements for tolling the applicable statute of limitation and, therefore, had failed to properly commence this lawsuit. This ruling was erroneous, the Peceljes contend, because the applicable statutory limitation period was tolled when they filed a complaint in the superior court and, within 90 days of doing so, served a summons upon defendants Derek Sparks and Sam Vongphonthong.

We conclude that the Peceljes satisfied the statutory requirements for tolling the applicable statutory limitation period. However, whether the Peceljes properly commenced this action in compliance with applicable court rules and statutory requirements, as construed by our Supreme Court, remains to be determined.[1] Specifically, the record herein does not contain findings of fact by the trial court as to whether, under Civil Rules 3 and 4, RCW 4.16.170, and Supreme Court case law, including Sidis v. Brodie/Dohrmann, Inc., 117 Wn.2d 325, 329, 815 P.2d 781 (1991), the Peceljes served the defendants with sufficient process and in a timely manner so as to properly commence this action and thereby obtain personal jurisdiction over the affected defendants. Choosing to decide the case on a different issue, the trial court issued no findings on these questions. Because the ruling made was erroneous and we cannot decide the ultimate question on the record provided, we reverse and remand for further proceedings consistent with this opinion.

---

[1] In Washington, the time limits for commencing civil actions are controlled by various statutes. Similarly, the manner in which process is served (e.g., hand-to-hand, by publication, etc.) is controlled by statute. However, the sufficiency of the process itself (i.e., the contents of the documents served) is controlled by the Civil Rules.

I

This matter arises from personal injuries allegedly suffered by the Peceljes as a result of a dog bite incident occurring on April 24, 2020. As applicable here, the statute of limitation for a civil action based on those injuries was three years from the date of the incident. RCW 4.16.080. On April 17, 2023, nearly three years from the date of the incident, the Peceljes filed a complaint ("filed complaint") in the King County Superior Court against the marital communities of Derek Sparks, Sam Vongphonthong, and Johnathan Mercado.

On April 20, 2023, the Peceljes almost simultaneously served Sparks and Vongphonthong with a summons and complaint ("the served complaint").[2] As pertinent here, the "served complaint" differed from the "filed complaint" in that it only named the marital communities of Sparks and Vongphonthong as defendants, omitting Mercado as a party and any allegations as to him. Thereafter, legal counsel for Sparks and Vongphonthong filed notices of appearance, specifically preserving any objections as to service of process, jurisdiction, or statute of limitation.

On September 22, 2023, Sparks and Vongphonthong jointly moved to dismiss the Peceljes' lawsuit pursuant to CR 12(b)(5) for insufficiency of service of process. In so doing, they argued that the Peceljes' claim was time-barred because it was then more than three years since the claim accrued and the Peceljes had failed to properly toll the statutory limitation period. This was so, Sparks and Vongphonthong averred, because, by first filing a complaint with

---

[2] Sparks and Vongphonthong shared a residence. Sparks was served at 9:08 p.m. Vongphonthong was served at 9:09 p.m.

3

substantively different content than that in the complaint with which they were served, the Peceljes had not satisfied the service and filing requirements of RCW 4.16.170.  Therefore, according to Sparks and Vongphonthong, they were never properly served, the Peceljes failed to toll the statute of limitation, the statutory limitation period had passed, and their claim was time-barred.

On October 9, 2023, the Peceljes responded that they had tolled the statute of limitation when they filed a complaint on April 17, 2023 and served the summons upon the defendants on April 20, 2023.  The Peceljes further argued that the trial court had obtained personal jurisdiction over the defendants because they had substantially complied with RCW 4.28.080, CR 3, and CR 4.

In early November 2023—on either November 9 or November 10—the Peceljes served Sparks and Vongphonthong with a summons and a copy of the "filed complaint." [3]

On November 13, 2023, the trial court held a hearing on the motion to dismiss.

The trial court heard argument from the parties and granted the motion, dismissing the Peceljes' claim with prejudice as to all named defendants.  In so doing, the trial court concluded that the Peceljes "failed to properly serve Defendants with the correct Complaint or file the correct Complaint within 90 days of first serving or filing, as required by RCW 4.16.17[0], thus the statute of limitations was not tolled, and the action has not been commenced."  The

---

[3] The record does not include a declaration of service that indicates the exact date of service of the "filed complaint."  According to the Peceljs, the filed complaint was served on the defendants on November 10, 2023.  Sparks and Vongphonthong aver that service occurred on November 9, 2023.

4

Peceljes moved the trial court to reconsider the order granting the motion to dismiss, but the request was denied.

The Peceljes now appeal.

## II

The Peceljes assert that the trial court erred by dismissing their action on the basis of insufficient service of process. This ruling was erroneous, the Peceljes contend, because the combination of their filing of the "filed complaint" in the superior court and the service of a summons to both Sparks and Vongphonthong not only tolled the statute of limitation but also constituted a proper commencement of their action. As discussed later herein, we agree with the first part of this contention. We conclude that the Peceljes' actions satisfied the requirements necessary to initially toll the statute of limitation pursuant to RCW 4.16.170 as interpreted by Supreme Court case law. However, we cannot determine, on the record before us, whether plaintiffs' actions satisfied the requirements of CR 3 and CR 4 in a timely manner, as defined by Supreme Court case law, so as to have properly commenced this civil action.

## A

"Proper service of the summons and complaint is a prerequisite to a court obtaining jurisdiction over a party." Harvey v. Obermeit, 163 Wn. App. 311, 318, 261 P.3d 671 (2011). In order for service of process to be proper, it must comply with constitutional, statutory, and court rule requirements. Scanlan v. Townsend, 181 Wn.2d 838, 847, 336 P.3d 1155 (2014). The plaintiff bears the initial burden to prove a prima facie case of sufficient service, after which the party challenging

5

the sufficiency of service of process must demonstrate by clear and convincing evidence that service was improper. Scanlan, 181 Wn.2d at 847. When material facts are not in dispute, whether service of process was proper is a question of law that this court reviews de novo. Chengdu Gaishi Electronics, Ltd. v. G.A.E.M.S., Inc., 11 Wn. App. 2d 617, 623, 454 P.3d 891 (2019).

B

The Peceljes first contend that the trial court erred by ruling that they had not complied with the statutory requirements necessary to toll the running of the applicable statute of limitation. We agree.

1

Washington requires civil personal injury negligence actions to be commenced within three years of the accrual of the cause of action. RCW 4.16.080. A plaintiff may toll the running of the statute of limitation pursuant to a scheme enacted by the legislature and codified as RCW 4.16.170:

> *For the purpose of tolling any statute of limitations* an action shall be deemed commenced when the complaint is filed or summons is served whichever occurs first. If service has not been had on the defendant prior to the filing of the complaint, the plaintiff shall cause *one or more of the defendants to be served* personally, or commence service by publication within ninety days from the date of filing the complaint. If the action is commenced by service on one or more of the defendants or by publication, the plaintiff shall file the summons and complaint within ninety days from the date of service. If following service, the complaint is not so filed, or following filing, service is not so made, the action shall be deemed to not have been commenced for purposes of tolling the statute of limitations.

(Emphasis added.)

6

Thus, pursuant to RCW 4.16.170, "an action is tentatively commenced" for the purpose of tolling the statute of limitation either by the service of a summons on a defendant or by the filing of the complaint with the court. Nearing v. Golden State Foods Corp., 114 Wn.2d 817, 820, 792 P.2d 500 (1990). The statute provides a 90 day "grace period" within which the plaintiff must accomplish the remaining requirement of service of the summons or filing of the complaint. Nearing, 114 Wn.2d at 822. Once a plaintiff has both filed the complaint and served a defendant with a summons, the statutory limitation period is tolled pursuant to RCW 4.16.170.[4] Nearing, 114 Wn.2d at 822. If the plaintiff fails to both file the complaint and properly serve the defendant with a summons within this time period, "the action is treated as if it had not been commenced." Wothers v. Farmers Ins. Co. of Wash., 101 Wn. App. 75, 79, 5 P.3d 719 (2000).

2

Sparks and Vongphonthong argued, and the trial court agreed, that the Peceljes had not properly completed the actions necessary to toll the statute of limitation. We disagree.

Here, the alleged injury occurred on April 24, 2020. Absent successful tolling pursuant to RCW 4.16.170, the three-year statute of limitation would bar any action commenced after April 24, 2023. The parties do not dispute that the Peceljes filed a complaint in the superior court on April 17, 2023. The filing of this complaint tentatively tolled the statutory limitation period and began the 90

---

[4] Thus, rather than stating that the plaintiff has "tentatively commenced" an action, Nearing, 114 Wn.2d at 820, it is more accurate to state that the plaintiff has "tentatively tolled the limitation period."

day "grace period" within which the Peceljes were required to serve Sparks and Vongphonthong with summonses. The parties do not dispute that the Peceljes served Sparks and Vongphonthong with summonses on April 23, 2023, well within the 90 days allotted by RCW 4.16.170. Accordingly, the Peceljes effectively complied with the statutory requirements to achieve tolling of the statute of limitation.

C

Having concluded that the Peceljes filed the complaint and served each defendant with a summons so as to successfully toll the three-year limitation period, we now turn to two related questions. First, was the process served sufficient in content to commence the civil action? Because process was served twice on each defendant, we must examine the process served at each time. Second, was the process timely served? Again, we must examine this question as to each service.

1

We next examine the contents of the process served on the two defendants and must determine, as to each service (the one in April and the one in November) whether the process served was sufficient to commence a civil action.

a.

Civil Rule 3 governs "Commencement of Action." It provides that "a civil action is commenced by service of a copy of a summons together with a copy of

a complaint, *as provided in rule 4* or by filing a complaint." CR 3(a) (emphasis added).

Civil Rule 4 governs "Process." It provides that "[t]he summons and complaint shall be served together." CR 4(d)(1). But it also provides a form of summons to be used in civil actions. This form provides, in pertinent part:

> TO THE DEFENDANT: A lawsuit has been started against you in the above entitled court by _____, plaintiff. Plaintiff's claim is stated in *the written complaint, a copy of which is served upon you with this summons.*
>
> In order to defend against this lawsuit, you must *respond to the complaint* by stating your defense in writing.

CR 4(b)(2) (emphasis added).

It is plain that when CR 4(d)(1) commands that "[t]he summons and complaint shall be served together," it is requiring that "the summons" and "the complaint" be served together. In this context "the complaint" to be served is "the complaint" filed in the court.

This analysis flows logically from the language of CR 4(b)(2), the form summons. It tells the defendant that "[a] lawsuit has been started against you," and that the "[p]laintiff's claim is stated in the written complaint, a copy of which is served upon you with this summons." Furthermore, the court rule form directs the defendant that "[i]n order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing."

The contents of Civil Rule 4, read logically, lead to the conclusion that the complaint filed must be the complaint served for the requirements of sufficiency of process to be met.

But, fortunately, more than logic supports our holding. So does longstanding case law.

Our conclusion is supported by Dowell Co. v. Gagnon, 36 Wn. App. 775, 776, 677 P.2d 783 (1984). There, the trial court entered summary judgment in favor of the plaintiff after ruling "that the statute of limitations had been tolled by commencement of another action with the same parties and purpose and in the same venue 10 years before." Dowell, 36 Wn. App. at 775-76. We reversed, concluding that "'[T]he complaint' is the one filed in the action before the court, not *a* complaint independently filed." Dowell, 36 Wn. App. at 776 (alteration in original) (quoting Fox v. Groff, 16 Wn. App. 893, 895, 559 P.2d 1376 (1977)). This holding further supports our conclusion that CR 4 envisions that the complaint filed with the court is "the complaint" to be served on a defendant for the purpose of obtaining personal jurisdiction and commencing a civil action. [5]

Thus, as to the April service of process, the process served was insufficient to commence a civil action.

b.

As to timeliness, had the content of the process served on April 20 been sufficient, service of that process would have been timely. But this conclusion provides no solace to plaintiffs.

---

[5] While not construing CR 3 and CR 4, Banzeruk v. Estate of Howitz, 132 Wn. App. 942, 135 P.3d 512 (2006), is in accord. There, the plaintiff filed a complaint for a personal injury action against Howitz, not knowing that Howitz had died. Banzeruk, 132 Wn. App. at 944. Upon learning of Howitz's death, the plaintiff filed an amended complaint naming the estate and personal representative. Banzeruk, 132 Wn. App. at 944. We determined that the original complaint filed was "the complaint" for the purposes of commencing the action. Banzeruk, 132 Wn. App. at 947. As we then held, "filing an amended complaint is not equivalent to filing 'the complaint.'" Banzeruk, 132 Wn. App. at 948. The principle here is the same: the filed complaint is the operative complaint.

2

To the extent that we can, we next examine the sufficiency and timeliness of the process served in November.

a.

The parties agree that the documents served on the two defendants in November were copies of the documents (summons and complaint) filed in the superior court in April. Thus, if service of this process was accomplished in a timely fashion, this civil action was properly commenced and personal jurisdiction was obtained.

b.

We next review whether the November service of process was timely. To do so, we must first explain what it means to be "timely" when a limitation period is tolled and the applicable period of tolling is not set forth in the tolling statute. We must then determine whether, on this record, the necessary question can be answered.

(1)

The words of RCW 4.16.170 do not establish the length of time the applicable limitation period is tolled when the statute's requirements are met. Case law holds that, read literally, RCW 4.16.170 tolls the statute of limitation for an unspecified period. Sidis, 117 Wn.2d at 329; accord Kim v. Lakeside Adult Fam. Home, 185 Wn.2d 532, 559, 374 P.3d 121 (2016). However, our Supreme Court has clarified that the tolling period is not infinite or indefinite. Sidis, 117 Wn.2d at 329; Kim, 185 Wn.2d at 559. Rather, the court has ruled that plaintiffs

"must proceed with their cases in a timely manner as required by court rules." Sidis, 117 Wn.2d at 329. Thus, the plaintiff must act diligently to properly serve the defendants. Kim, 185 Wn.2d at 561. Whether a party acts with necessary diligence is a question of fact for the trial court. Winbun v. Moore, 143 Wn.2d 206, 219, 18 P.3d 576 (2001).

(2)

Importantly, when dealing with the tolling statute, RCW 4.16.170, the plain language of the statute controls. Nearing, 114 Wn.2d at 822. As the Supreme Court therein explained,

> The statute, RCW 4.16.170, deals exclusively with tolling of the statute of limitations and requires a plaintiff to either file a complaint or serve the summons upon the defendant. The court rule, CR 3 requires service of the summons and complaint or filing a complaint in order to commence a civil action.

Nearing, 114 Wn.2d at 820-21.

These observations lead to two conclusions. First, plaintiffs could file a complaint and serve a summons on a defendant and successfully achieve tolling of the statute without successfully commencing the civil action. Second, although reported cases such as Sidis and Kim have involved service on *one* defendant that thereby tolls the statutory limitation period as to *other* defendants, the plain language of RCW 4.16.170 allows for service of a summons on the first defendant to toll the statute of limitation as to *that* defendant as well. The statute is specific as to neither the length of the tolling period nor as to any limitation regarding the extent of the benefits of tolling to any defendants.

12

(3)

Here, the Peceljes commenced this action for the purpose of tolling, but they were also required to properly commence this civil action pursuant to the requirements of CR 3 and CR 4 by serving both the summons and the operative complaint "in a timely manner." This means that they must have acted with the necessary diligence. The Peceljes finally served Sparks and Vongphonthong with the summons and "the complaint" more than six months after filing the complaint and only days before the hearing on the motion to dismiss was to be held.

Having relied solely on the erroneous conclusion that the Peceljes had not successfully tolled the statute of limitation, the trial court made no findings as to the diligence with which the Peceljes acted to serve sufficient process to commence this civil action. Diligence is a question of fact and questions of fact are reserved to the trial court. Noll v. Special Elec. Co., 14 Wn. App. 2d 230, 237, 471 P.3d 247 (2020). Despite the facts available to us in the record, whether service was accomplished "in a timely manner" is a question of fact for the trial court. As this question was not resolved below, we cannot rule on the record before us. Therefore, we remand this matter to the trial court for further proceedings consistent with this opinion.

Reversed and remanded.

Duyn, J.

WE CONCUR:

Díaz, J.

Coburn, J.